## GIMON *vs.* BALDWIN.

[TROVER FOR CONVERSION OF SLAVE.]

1. *Competency of witness as affected by interest.*—Where separate actions of trover are instituted by the owner, against the hirer and sub-hirer of a slave, for a conversion arising from the unauthorized sub-hiring, the sub-hirer is a competent witness for the plaintiff, (Code, § 2302,) since a judgment against him would not be evidence for or against the latter, except in the sense in which it would be evidence against all the world.

2. *Admissibility of slave's declarations.*—The declarations of the slave, for whose conversion the action is brought to recover damages, are not admissible evidence for the defendant, unless shown to be a part of the *res gestæ* connected with the alleged conversion.

APPEAL from the City Court of Mobile.

Tried before the Hon. ALEX. McKINSTRY.

THIS action was brought by Dominick Gimon, against Henry C. Baldwin, to recover damages for. the conversion of a slave named Brister. The only plea was the general issue. "On the trial," as the bill of exceptions states, "it was admitted by the defendant, that the plaintiff had hired the slave Brister to him, to work as a deck hand, by the trip, on the steamboat *Senator ;*, that said slave was discharged on the 1st October, 1858, said steamboat having, ceased to run. It was admitted, also, that plaintiff had brought an action of trover against W. M. Terrell and others, owners of the steamboat *Lucy Bell*, for the conversion of the same slave ; that the action in that case was commenced after this, and was still pending ; and that the defendant in this case was solvent, and good for the amount claimed in the suit. There was evidence before the jury, also, that said slave belonged to plaintiff; was drowned while working as a deck hand on the *Lucy Bell*, and was worth $1,500. The plaintiff then introduced said W. M. Terrell as a witness, to whose competency as a witness the defendant objected, on the ground that he was the captain.

and master, as well as a part owner of the *Lucy Bell*; that suit was pending against him and the other owners of said boat, to recover damages for the loss of said slave, on the ground that they had said slave on said boat without having hired him from plaintiff; and because said suit was still pending, and the testimony of said witness was incompetent. The plaintiff's counsel thereupon stated to the court, that he expected to prove by said Terrell that the defendant in this action, between the 1st and 5th October, 1858, came to the *Lucy Bell*, and hired said slave to him, to run as a deck hand on said boat. The court sustained the defendant's objection to the competency of said witness, and excluded him; to which the plaintiff excepted.

" The plaintiff introduced another witness, who testified, that he was the mate of the *Lucy Bell* in October, 1858; that he was in the engine-room on one occasion, and saw the defendant and said Terrell on the wharf together, with the slave Brister, and another slave, named Tarleton, near them; that said Terrell called witness out, and asked him whether he wanted any more hands; that he replied, ' he could do with two or three more'; that Terrell then said, in the presence of said Baldwin, ' Here are a couple of boys Captain Baldwin has to hire'; that said two slaves soon afterwards followed him on board the *Lucy Bell*, and he put them to work as deck hands. The plaintiff introduced other evidence, tending to show that said slave was drowned, while on the *Lucy Bell*, about the 5th October, 1858; and then again offered said Terrell as a witness, and proposed to prove by him, that said Baldwin hired said slave to the *Lucy Bell* at the time mentioned by said last witness; and that said slave, and also the slave Tarleton, were both entered to defendant's name on the books of the *Lucy Bell*, by an entry made at the time. The defendant renewed his objection to the competency of said witness, and the court sustained the objection; to which the plaintiff excepted.

"The defendant introduced evidence tending to show that said slaves, Brister and Tarleton, after they were dis-

charged from the *Senator*, applied to him to hire them or the *Lucy Bell;* that he refused to do so, without a permit from their owners, or agents ; that Tarleton returned, with a permit from his mistress, but Brister returned without one ; and that he thereupon peremptorily refused to hire Brister on the *Lucy Bell* without a permit. It was proved, also, that said Brister and Tarleton were ' partners ', or worked together when on the same boat. The plaintiff objected, at the proper time, to the introduction of any evidence of what took place between said slaves and the defendant ; but his objection was overruled, and he excepted."

The rulings of the court to which exceptions were reserved, as above stated, are now assigned as error.

L. S. LUDE, and WM. BOYLES, for appellant.

J. L. SMITH, *contra.*

A. J. WALKER, C. J.—This seems to have been the case of an alleged right of action in trover against two persons separately, for distinct torts. A recovery against one, and subsequent satisfaction, would have barred an action against the other.—*Spivey v. Morris*, 18 Ala. 254. But the judgment against one would not be evidence for the other, except in the sense in which it would be evidence against all the world, to prove the fact of the judgment. If it were satisfied, it would be one of the two facts—judgment, and payment of it—which would have been a defense in a subsequent action against the other party. It is not sufficient to render a witness incompetent under our Code, (§ 2302,) that a judgment would be available as a fact to the witness: it must be evidence for him, as for parties and privies, operating by way of estoppel. *Harris v. Plant & Co.*, 31 Ala. 639 ; *Blakey v. Blakey,* 33 Ala. 611. The court erred in ruling the witness to be incompetent.

[2.] The conversation between the defendant and the two negroes could only be evidence as a part of the *res*

*gestæ.* Those conversations are not shown by the bill of exceptions to have been connected with the act of the slaves in going on the boat, where they are alleged to have been put by the defendant as a hirer, or so near to it in point of time as to make it a part of the *res gestæ*; nor were they so connected with, or in such proximity of time to, any other material fact in the case. They were, therefore, not admissible in evidence...

Reversed and remanded.