# Green & Co. *v.* Brady.

## *Assumpsit.*

### (Decided June 13, 1907.  44 South. 408.)

1. *Evidence; Hearsay.*—The fact that another person told the defendant that plaintiff had tried to sell the property at a higher figure than wife of defendant asked for the property, and as to what was said between defendant's wife and one of the purchasers was inadmissible, in an action against the husband for commissions for sale of the wife's land.

2. *Trial; Instructions; Without Hypothesis.*—A charge asserting that plaintiff was entitled to a verdict for such damages as the jury believed from the evidence he had sustained on account of defendant's breach of the contract, instructs a finding for plaintiff without hypothesis of a belief of the evidence by the jury, and was properly refused.

3. *Same; Applicability to Proof.*—Instructions which do not conform to the proof are properly refused.

4. *Same: Matters Outside the Issue.*—Instructions based upon a defense not involved in the trial of the cause should not be given.

APPEAL from Mobile Circuit Court.

Heard before Hon. Samuel B. BROWNE.

Action by Ignatius Green against P. F. Brady. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

This was an action in assumpsit to recover commission for the sale of real estate. The first count was for work and labor done; the second, for services rendered in the sale of certain property in Tuscaloosa; and the third, damages for the breach of an agreement in reference to the sale of property. The defense interposed was that the sale was made independent of Green, the plaintiff, and at a personal visit made by the purchasers to the owner of the property, Mrs. Brady. The suit was against the husband. The evidence tended to show that

Green had the sale of the property, but not the exclusive sale, and that the purchase for which commission was claimed was made through another than Green. One of the purchasers, Leland, was permitted to testify, over the objection of the plaintiff, that he saw Mrs. Brady immediately after arriving at Mobile, the place of her residence, and that he had a conversation with her about the purchase, in which conversation he stated to her· that Green had attempted to sell him the property at a profit over and above the price which she asked. He was also permitted by the court to testify as to all the conversation he had with her in reference to the sale of the property.

The court refused to plaintiff the following charges: "'(1) The plaintiff is entitled to a verdict for such an amount of damages as you believe from the evidence he has sustained by reason of defendant's breach of contract. (2) I charge you, gentlemen of the jury, if you believe the evidence in this case, you must find a verdict for the plaintiff for such an amount as you believe he has sustained as damages for defendant's breach of contract to sell plaintiff's property."

The court gave the following charges for the defendant: "(1) If the jury believe from the evidence in this case that Green resided in the city of Tuscaloosa, where the property was situated, while his principal resided in the city of Mobile, at a distance from the property, such agency carried with it the duties exacted by law from fiduciary relations. The agent is not permitted to traffic with the subject-matter of his agency without the consent of his principal, so as to reap any profit for himself. (2) When an agent undertakes to manage a particular matter for another, he impliedly undertakes not to manage for himself. It is contrary to well-established principles of law to permit an agent to purchase

an interest in property, when he has any duty developed upon him inconsistent with the character of a purchaser."

INGE & ARMBRECHT, for appellant. Counsel discuss the first seven assignments of error without citation of authority. Fraud, as a defense must be specially plead ed.—11 Cent. Dig. 2011; 9 Cyc. 742. The plea of the general issue cast on plaintiff the onus of proving every material allegation and limits the defense to evidence in disproof of them.—*American Oak Extract Co. v. Ryan*, 112 Ala. 346. No instructions are proper which are not applicable to the issues before the jury.—Authorities supra.

W. C. FITTS, for appellant. The agent owed to defendant the duty not only not to purchase for himself, but absolute good faith coupled with all reasonable diligence in their behalf.—*Adams v. Sayre*, 70 Ala. 326. The plaintiff cannot recover broker's commission under the common count except he act in good faith.—*Henderson v. Hinson*, 84 Ala. 101; *S. U. & N. I. Co. v. Dangaix*, 103 Ala. 393; *Pratt v. Patterson*, 112 Ala. Pa. St 475. One standing in a fiduciary relation to another cannot place himself in antagonism to his principal with respect to property within the line of his agency.—*Davis v. Hamlin*, 108 Ill. 39; *Grumley v. Webb*, 100 Am. Dec. 304; *Winter v. McMillan*, 22 Am. St. Rep. 243. The agent is precluded from purchasing from his principal at all.—*Grumley v. Webb*, supra. The testimony as to what was said about plaintiffs having offered to sell him the property at a higher figure than was asked for it, was admissible as a badge of fraud.—*Nelms v. Steiner*, 113 Ala 562; *Dunn v. Jackson*, 59 Ala. 203; 25 Ala. 161.

[Green & Co. v. Brady.]

ANDERSON, J.—The trial court erred in permitting the defendant to testify that Leland told him the plaintiff had tried to sell him the property at a profit. Whether this was good evidence agains Green or not, it was clearly not proper to prove it in such a remote and indirect way. Nor should the witness Leland have been permitted to testify as to what was said and done between him and Mrs. Brady after he got to Mobile.

There was no evidence to support counts 1 and 2; but, conceding that the plaintiff proved the third count, the sufficiency of which said count we do not determine, and was entitled to the general charge, we cannot put the trial court in error for refusing charges 1 and 2 requested by the plaintiff. Charge 1 in effect assumes and instructs a finding for the plaintiff without hypothesizing the belief of the evidence by the jury. Charge 2 requests a finding for the plaintiff for defendant's breach . of a contract "to sell plaintiff's property." This charge does not conform to the proof. The property involved in the sale was Mrs. Brady's and not the "plaintiff's."

This case was tried upon the general issue, and involved no such defense as was injected into it by charges 1 and 2 given at the request of the defendant.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

TYSON, C. J., and DOWDELL and McCLELLAN, JJ., concur.