[No. 8800.]

### DENVER AUTO GOODS COMPANY V. PEERLESS RADIATOR COMPANY.

1. INSTRUCTIONS—*Should Be Confined to the Issues.* An instruction upon an issue not presented by the pleadings should be refused.

2. PLEADINGS—*General Denial.* Where in an action for goods sold the defendant relies upon an implied warranty of quality and fitness, he must plead this matter affirmatively, and cannot show such warranty, and its breach under a general denial.

3. ——*Plea of Implied Warranty,* in an action for goods sold, and its breach, must give color, i. e., admit the material facts alleged by plaintiff, either in terms or effect. A plea which expressly denies the contract alleged by plaintiff, impliedly denies liability, regardless of the quality of the goods.

4. NEW TRIAL—*Weight of Evidence.* A verdict not manifestly against the weight of evidence will not be disturbed.

*Error to Denver District Court.* Hon. JOHN A. PERRY, Judge.

Mr. CHARLES K. PHILLIPS, for plaintiff in error.

Mr. GEORGE K. ANDRUS, for defendant in error.

Mr. JUSTICE ALLEN delivered the opinion of the court.

This was an action brought by the Peerless Radiator Company against The Denver Auto Goods Company for the price of certain heaters, designed for the purpose of heating automobiles. The plaintiff claimed that the sale was made pursuant to a written agreement in the form of an order.

The defendant interposed three defenses:

*First.* A general denial.

*Second.* It relied upon another alleged written agreement, also in the form of .an order, but which was not an offer to purchase the goods outright; it contained, instead, language indicating that the goods were to be taken on consignment, as follows:

"In consideration of the above (order) we are to have 10 No. 1 heaters gratis for advertising purposes. The balance to be paid for when sold, if found satisfactory in every particular."

The second defense also contained the following allegation:

"That said heaters were not found satisfactory by the defendant, but were worthless and of no value for the purposes for which they were and are intended, and cannot be sold except for junk."

*Third.* The third defense alleged that the contract was procured by fraud and misrepresentation concerning matters which included the quality and fitness of the articles sold.

Trial was had to a jury which found for the plaintiff, and judgment was entered upon the verdict.

The plaintiff in error, defendant below, assigns error upon the refusal of the trial court to submit to the jury the following instruction:

"The court instructs the jury that if they find, from a preponderance of the testimony, that the heaters in question would not properly heat the parts of automobiles used for the seating of passengers, and therefore do not and will not answer the purpose for which they are designed, your verdict should be for the defendant and against the plaintiff."

We will assume that the plaintiff in error is correct in its statement, as appears in its brief, as follows:

"This instruction embodies the principle of an implied warranty being affixed by law in cases of sales of articles manufactured and sold for a particular purpose by the vendor."

We will concede also that there was evidence in the case, on both sides, bearing upon the fitness of the heaters for the purpose for which they were designed or purchased, but such evidence was relevant under the issue

framed by the third defense as bearing upon the alleged fraud and misrepresentation. The trial court gave an instruction upon this issue and this feature of the case, and no complaint is made of the giving of such instruction.

It may also be conceded that the evidence upon the quality and fitness of the articles sold was relevant to the issue made by the second defense, but we think that issue was sufficiently covered by the instructions given. The court, in substance, instructed the jury that if they should find and believe from the evidence that the defendant did not enter into the contract sued on by plaintiff, or that the defendant did enter into the contract as described in defendant's second defense, they should, in either event, render their verdict for defendant. This instruction is not complained of.

The instruction requested would have been properly submitted to the jury only if the pleadings had properly raised the issue of implied warranty and its breach.

An instruction presenting a defense not pleaded is erroneous and properly refused. *Green v. Brady,* 152 Ala. 507, 44 So. 408. Instructions should be confined to the issues made by the pleadings. An instruction which is based on an issue not raised by the pleadings is erroneous, and may properly be refused. 38 Cyc. 1615.

The pleadings in this case did not raise the issue of implied warranty of quality and fitness and the breach of such warranty.

This issue could not arise out of the general denial.

"Under the general denial the defendant cannot show that the goods were valueless because not of the quality ordered." 19 Enc. Pl. & Pr. 38.

Where the defendant purchaser relies upon the breach of the implied warranty of quality and fitness he must affirmatively plead such matter.

It cannot be held that such matter is pleaded in the second defense. That defense in effect simply denies the alleged contract sued on by plaintiff and substitutes another agreement which is relied on by defendant. The plea of implied warranty and its breach is a plea of new matter, and is the same as a plea of confession and avoidance. Such plea must give color, and admit the material facts of the opponent's pleading either expressly in terms, or in effect. Bouv. Law Dict. (Rawle's 3rd Rev.) The second defense does not give color; it does not confess. It expressly denies the contract sued on and therefore denies any liability on the contract relied on by plaintiff regardless of any facts concerning the quality and fitness of the articles in question.

The third defense, as before stated, is based upon fraud and misrepresentation, and does not raise the issue embodied in the requested instruction.

There was no error in the refusal to give said instruction.

Plaintiff in error also complains that the trial court erred in entering judgment upon the verdict for the reason, as it alleges, that said verdict was against the weight of the evidence.

We have examined the record and note the conflict in the testimony, but are unable to find that the verdict was manifestly against the weight of the evidence.

As was said in the case of *Johnson v. Kountze,* 21 Colo. 489, 43 Pac. 445:

"The rule is well settled by the repeated decisions of this court that the finding of the trial court or the verdict of a jury upon conflicting evidence will not be disturbed, unless manifestly against the weight of the evidence."

The judgment is affirmed.

*Affirmed.*

White, C. J., and Bailey, J., concur.