67 So.2d 75

**WELLDEN v. ROBERTS et al.**

**8 Div. 637.**

Supreme Court of Alabama.

June 30, 1953.

Rehearing Denied Aug. 11, 1953.

518

Russell W. Lynne and Norman W. Harris, Decatur, for petitioners.

Thomas G. Steele, Athens, opposed.

SIMPSON, Justice.

On recent consideration of this case in consultation the court was in disagreement with the opinion of the Chief Justice, to whom the case had been assigned, and the writer was requested to prepare the opinion of the court.

This is a certiorari to the Court of Appeals to review the judgment and opinion of that court reversing the judgment of the circuit court of Morgan County.

The suit was for damages for deceit and for money had and received against the defendant, doing business as R. Clyde Wellden Auction Company, by the plaintiffs Roberts. The defendant had contracted to undertake a sale at auction of the property of appellees for a ten per cent commission and under authority of that contract defendant's agent, one Sparks, proceeded to auction off the property. It was knocked off to one Ellis Clem as the highest bidder and thereupon the plaintiffs paid to the defendant's agent the agreed commission. Clem, however, failed to go through with the purchase, contending he had merely been a by-bidder at the request of Sparks, who had asked him to by-bid on the property, telling him he would not be required to take the property. This suit is for damages for deceit and for recovery of the commission paid of $455. The jury returned a verdict for the plaintiffs for the commission and for damages in the amount of $500. Judgment was entered accordingly and the defendant appealed to the Court of Appeals.

Clem was dead when the case was tried and the proposition on which the Court of Appeals has rested a reversal was the ruling of the trial court allowing one of the plaintiffs to testify to a conversation the witness had with Clem out of the presence of the defendant the day after the auction sale. With respect to this matter, the following appears in the opinion:

"On the trial one of the plaintiffs, John H. Roberts, was permitted to testify to the following conversation with Ellis Clem on the day following the sale:

" 'I asked him (Clem) when do you want these deeds made out? He said, "what deeds?" I said, "didn't you buy this place yesterday?" He said, "didn't buy no place; Mr. Sparks told me if I bid on it at the auction I didn't have to take it." '

"The grounds of defendant's objection to this testimony were, 'not part of the res gestae; not shown defendant was there; hearsay evidence.'

"In overruling the objection, the court stated: 'I will permit this to go in on the question of whether or not the alleged purchaser was ready, willing and able to purchase, and whether or not such a purchaser was obtained.'

"At the time of the trial Ellis Clem was deceased and the statement by plaintiff as to what Clem told him before his death was hearsay and inadmissible. Louisville & N. R. R. Co. v. Fitzgerald, 161 Ala. 397, 49 So. 860; Little v. Montgomery, 235 Ala. 615, 180 So. 269."

We are in accord with that conclusion. Proof of Clem's failure or refusal to comply with the sale was, of course, competent; and as bearing on the question of whether or not a purchaser ready, willing and able to purchase had been procured, any legal evidence relative to that question would have been admissible.

 But to allow plaintiff to testify to the statement of Clem was, we think, inadmissible as hearsay. The essence of Clem's statement was not, as argued by appellants, the mere verbal act evidencing refusal to go through with the sale, but was in fact a statement out of the presence of defendant that he had bought "no place" because "Mr. Sparks told me if I bid on it at the auction I didn't have to take it." That utterance was not of a collective fact to the effect that Clem was refusing to complete the sale, but to the contrary, was the hearsay testimony of the witness relating a statement of by-bidder Clem out of the presence of the defendant that he, Clem, had in fact made no purchase because of an understanding with the defendant's auctioneer that he would not be held responsible for his bid.

 If it be conceded that Clem was acting as agent of the auction company in by-bidding, the testimony of the plaintiff reciting Clem's utterances to him the next day after the sale was clearly inadmissible, since the utterances were not made by the agent in the scope of his agency while exercising his authority as such, but were merely a declaration or narrative of a past transaction. Greenwald v. Russell, 233 Ala. 502, 172 So. 895.

And if Clem was not the agent of the defendant, it was clearly not permissible for one of the plaintiffs to testify as to any such statement Clem had made to him out of the presence of defendant. Green & Co. v. Brady, 152 Ala. 507, 44 So. 408; Louisville & N. R. Co. v. Fitzgerald, 161 Ala. 397, 49 So. 860; Downing v. Woodstock Iron Co., 93 Ala. 262, 9 So. 177; Lavender v. Hall, 60 Ala. 214; Gimon v. Baldwin, 38 Ala. 60.

It would seem that if the verbal act theory which is argued in behalf of appellees and mentioned in the dissenting opinion as authority for the admission of such testimony be allowed to be projected to the point of decision here, it might emasculate the hearsay rule and allow proof of *ex parte* statements by third persons in most any sort of situation. The utterances of Clem in essence substantiated the charge of deceit laid in the complaint—were, therefore, used testimonially "as assertions to evidence the truth of a [the] fact asserted in them" and, as we view it, would be declared to be within the ban of the hearsay rule even under the most liberal authorities. See VI Wigmore on Evidence, 3d Ed., § 1766, p. 177 et seq.

We agree with the procedural question treated of in the dissenting opinion, but entertain the view the conclusion of the Court of Appeals on the considered question was correct.

Affirmed.

LAWSON, STAKELY and MERRILL, JJ., concur.

LIVINGSTON, Chief Justice (dissenting).

Motion was here made to dismiss the petition for certiorari to the Court of Appeals on the one ground that the petition is not verified by the oath of the movants.

If the right to relief was dependent upon matter not appearing of record, in what-

ever form the application was made, a verification of it by oath of the applicant, or affidavit in support of it, making a prima facie case, would be essential. When the application is made to this court for the grant of the writ directed to an inferior court of record, because of matters necessarily of record, an authenticated transcript of the record renders unnecessary the verification by the oath of the applicant, or other affidavits to support it. The authenticated record is the sole evidence upon which the court acts. The motion to dismiss was therefore denied, see Ex parte Tower Mfg. Co., 103 Ala. 415, 15 So. 836, and certiorari granted under the provisions of Supreme Court Rule 44, as amended March 26, 1947.

The sole question presented for review is the action of the Court of Appeals in reversing the trial court for permitting one of the plaintiffs, John H. Roberts, to testify to a conversation with Ellis Clem on the day following the sale of certain real estate, for which plaintiffs paid the defendant a commission.

The reversal of the case by the Court of Appeals is based upon the theory that the conversation between Roberts and Clem was hearsay evidence. In my opinion, it was error to so hold.

Here, the plaintiffs sued defendant to recover a commission which they had paid him on the assumption that he had earned it by procuring Clem as a purchaser of their land. If defendant had not legally bound Clem to purchase, he was not entitled to his commission, unless Clem actually did purchase the land. Under the issues raised, plaintiffs were entitled to show that Clem refused to purchase when they tendered performance. The conversation between plaintiff and Clem was the refusal —the verbal act—and the conversation was not hearsay. The evidence of Roberts did not go to prove a mere declaration or statement of Ellis Clem, but to prove a material issue of fact in the case, viz., that Ellis Clem did not purchase the land in question. The evidence was not hearsay.

GOODWYN, J., concurs in this dissent.