263 So.2d 179

**John Ellis INGRAM**

**v.**

**STATE.**

**4 Div. 91.**

Court of Criminal Appeals of Alabama.

April 11, 1972.

Rehearing Denied May 9, 1972.

Wade H. Baxley, Dothan, for appellant.

**194**

William J. Baxley, Atty. Gen. and John A. Yung, IV, Asst. Atty. Gen., for the State.

PER CURIAM.

The indigent appellant was indicted and charged with robbery. The trial resulted in a verdict of guilty and judgment was entered accordingly. Hence, this appeal.

G. W. Guilford testified in substance that he lived at 616 Lee's Alley in Dothan; that he went to Times Square Shoe Shine Parlor at about twelve o'clock on the night of April 7, 1970; that William Mixon Moore owned the parlor; that he saw the appellant there; that he and appellant left there together about 1:30 A.M.; that they went around the corner of the Rocking Palace and were going down toward Lee's Alley off of North Alice Street; that at the corner of Rocking Palace the appellant put a knife on his neck and reached in his pocket and got his money; that appellant got $23.00 from him; that the witness then went to police headquarters and talked with a man in the office; that he then went back to the shoe shine parlor and told "Nick" about it; that the appellant was the person who was with him that night and took his money; that all this happened in Houston County; that when appellant put the knife on his neck he told him not to holler or say anything; that he would cut my neck off and that was before he took my money; that he did not know appellant before the night in question; that he knew him when he saw him; that he did not know his name; and that he got appellant's name the following day.

Counsel for appellant at this point asked the witness the following questions and received the following answers:

"Q. What did you tell the police that night about the man that robbed you?

"A. Well, I told them I seen him, but I didn't know him by name; but I could identify him and tell them who it was.

"Q. Tell them who it was?

"A. Yes, sir."

Thereafter Carl Knowles, a police officer, testified that G. W. Guilford came to the police department in Dothan and talked with him. We here quote from the record a part of the district attorney's examination of this witness:

"Q. If you will, tell what was the occasion for your seeing him? What transpired between you and him when you saw him?

"A. He stated to me that—

"MR. BAXLEY: I object to what he stated to him.

"THE COURT: What is your grounds.

"MR. BAXLEY: Hearsay.

"THE COURT: I overrule the objection.

"A. —that he had been robbed just a few minutes earlier and at this time, we talked—myself and patrolman John Elliot talked to Guilford and made an offense report according to the information he gave us at this time.

"Q. Okay. And you say that this complaint was made to you down at the police station?

"A. Yes, sir, it was.

"Q. What time of the day or night was it when you saw him down there?

"A. 1:50 A. M. The morning of the 7th.

"Q. Did he give you any description of the man that he said had robbed him?

"A. 'Negroid male, young, wearing a brownish'—

"MR. BAXLEY: I object, Judge, on the grounds it is hearsay. Anything he told him at that time.

"THE COURT: I overrule your objection, as to the complaint being made.

"A. —'Brownish colored pants with a light colored shirt. No further description at this time.' "

When the State rested the appellant moved to exclude the State's evidence on the grounds it had not made out a prima facie case. That motion was overruled.

The evidence offered on behalf of the appellant consisted of a witness who testified to an alibi.

■ The appellant complains that the trial court's ruling in permitting Officer Knowles to testify to the conversations he had with prosecuting witness Guilford is reversible error. We do not agree with this complaint.

In Industrial Sav. Bank v. Mitchell, 25 Ala.App. 13, 140 So. 449, the court said:

"Appellant introduced as a witness L. R. Hanna, and by him proved a portion of a conversation or transaction had with one Perkinson. This entitled appellee to prove the remainder of what was said and done on that occasion."

The Court of Appeals of Alabama in Luker v. State, 39 Ala.App. 548, 105 So.2d 834, said:

"The defense having brought out the fact of the conversation . . . it was certainly permissible for the State to bring out what the prosecutrix had said in this regard. . . ."

■ The appellant also complains that the trial court did not fully instruct the jury as to whether the appellant could have been found guilty of assault with intent to rob and that the court did not inform the jury the form of verdict in the event of a conviction for such offense. When the trial court concluded its oral charge, counsel for appellant was asked by the court if he was satisfied with the court's oral charge and said counsel stated, "Yes, sir." There was no objection or exception to any part or all of the trial court's oral charge by the appellant and no explanatory instructions were requested.

In Moates v. State, 40 Ala.App. 234, 115 So.2d 277, cert. denied 269 Ala. 698, 115 So. 2d 282, it is stated:

". . . A party cannot except to a matter omitted from the court's oral instructions to the jury. Tranholm v. State, 38 Ala.App. 57, 77 So.2d 491. Further, exceptions to the oral instruction of the court must be taken before a jury retires, or they will not be considered. . . ."

Under the facts and circumstances of the instant case error does not appear in that respect.

■ There was substantial evidence offered by the State tending to show the guilt of the appellant; hence, the motion to exclude the evidence was properly overruled.

We have searched the record and find no error therein.

It is ordered and adjudged by the Court that this cause be affirmed.

The foregoing opinion was prepared by L. S. Moore, Supernumerary Circuit Judge, and adopted by this Court as its opinion.

Affirmed.

PRICE, P. J. and CATES, ALMON and TYSON, JJ., concur.