297 So.2d 399

**Willie Lee HARDY, Jr.**

v.

**STATE.**

**6 Div. 705.**

Court of Criminal Appeals of Alabama.

June 28, 1974.

Clifford W. Hardy, Jr., Bessemer, for appellant.

William J. Baxley, Atty. Gen., Montgomery, Roger M. Monroe, Special Asst. Atty. Gen., Birmingham, for the State.

W. J. HARALSON, Supernumerary Circuit Judge.

This appeal is from a conviction of murder in the second degree with sentence fixed at 75 years imprisonment in the penitentiary.

There was no eyewitness to the actual killing of the deceased, Ada Belle "Puddin" Morgan, on the night of July 23, 1972, while she was sitting on the front porch of a friend in Bessemer. The appellant along with one Phillip Jackson, according to the evidence introduced by the State witness Eugene West Jr., conspired to kill the deceased, procured a shotgun for that purpose, and drove to the vicinity where the killing took place in a car with West. Both got out of the car and proceeded in the direction of the house where the deceased was later found shot in the head by a shotgun. The witness heard the sound of the shot and soon thereafter Jackson and appellant reappeared at the automobile and the three drove away. There was evidence that appellant had made the statement that he was going to have to "off the bitch" and there is further evidence that the word off in the parlance of the people with whom he associated means to kill.

There was other evidence offered by the State that the deceased was killed by a shotgun blast, there were photographs introduced of the deceased's body where it was found after the killing, and there was further evidence placing her at the scene shortly before the killing.

The appellant did not testify although he offered some evidence as to his whereabouts, in close proximity, to the alleged time of the killing.

In brief appellant first urges that the court was in error in admitting a photograph, over objection of appellant, depicting the body of the deceased, vividly showing the alleged shotgun wound in her head. The photograph was properly identified as accurately depicting the scene at the time. The argument is made that the only purpose of its introduction was to inflame the minds of the jury and prejudice the rights of the appellant to a fair trial.

■ This question has been dealt with by the courts many times and the law with regard to introduction of photographs is firmly established. The rule is that a photograph when properly identified as depicting the thing or object at the time it was taken is admissible in evidence in a criminal prosecution if it tends to shed light on the issues in the case, or illustrates or strengthens other testimony offered by the prosecution, thereby, having some probative value.

In the case of McKee v. State, 253 Ala. 235, 237–238, 44 So.2d 781, 784, the Supreme Court in speaking of this rule said:

"Courts and juries cannot be too squeamish about looking at unpleasant things, objects or circumstances in proceedings to enforce the law and especially if truth is on trial. The mere fact than an item of evidence is gruesome or revolting, if it sheds light on, strengthens or gives character to other evidence sustaining the issues in the case, should not exclude it. * * *"

■ In the instant case it was largely circumstantial and the photograph did shed light on the issues involved in the case, tended to strengthen the State's contention as to the killing, and had other probative value as evidence. No error appears in the admission of this photograph as evidence. (See Alabama Digest, Criminal Law, Volume 6, ☞438 for many cases with regard to this rule.)

Appellant next contends that the search of his automobile while he was in custody and confined in jail, violated his rights under the Fourth Amendment, since the officer had no warrant to search the car nor probable cause.

The State's testimony is to the effect that after he was taken into custody, placed in jail and his car impounded by the police, he was given his Miranda rights by one of the officers and it further appears he was not subjected to any coercion, threats, or inducements of any kind by the officer to make any kind of statement. The State's testimony further shows that

78

immediately thereafter appellant was asked by one of the officers if they might search his automobile and that he answered affirmatively, adding "he had nothing to hide".

 A person may give permission to officers of the law to search his automobile without a search warrant and thereby waive his protection under the Fourth Amendment of the Constitution of the United States. However, the State must prove that the consent be evidenced by a statement or some overt act by the owner sufficient to indicate his intent to waive his rights to be secure from a search and seizure without a warrant or probable cause. * * *

Further, the State must prove that there was no duress or coercion, express or implied. The consent must be unequivocal and specific, and freely and intelligently given. There must be clear and positive testimony. Duncan v. State, 278 Ala. 145, 176 So.2d 840.

It is further held that the courts indulge every reasonable presumption against waiver of fundamental constitutional rights. Duncan v. State, supra.

 However, under the evidence as developed in the instant case the court is of the opinion the ruling of the court admitting the shotgun shell found in the automobile by the search, above referred to, is proper and we find no error in the court's action.

 The report of the State's toxicologist indicating a comparison of the shot, fired by a shotgun, and found at the scene of the killing, with some shot found in shotgun shells in appellant's automobile was admissible and the court properly so ruled. Seals v. State, 282 Ala. 586, 213 So.2d 645.

 We further think that there was no error in allowing deputy sheriff Franklin to testify as an expert with regard to the size of the shot taken from the body of the deceased. This witness testified to his familiarity with the use of shot and shotguns and his experience in the use of such guns. His credibility as an expert rested in the sound discretion of the trial court. We see no error in the action of the court in allowing his testimony on this basis.

Permitting witness Franklin to testify as to his opinion as to powder burns on clothing of deceased and distance from which shotgun was fired was not error. Alexander v. State, 37 Ala.App. 533, 71 So.2d 520.

A portion of the court reporter's transcript of the testimony of Calvin Olds, given in Hardy v. State, tried prior to the instant case and reported in 51 Ala.App. 489, 286 So.2d 899, was introduced into evidence over the objection of the appellant. In the portion introduced the witness testified that he had seen appellant shoot Carey (Blood) Morgan, the husband of "Puddin" Morgan. The theory of the State was that the testimony tended to show or shed some light on the motive of the appellant in the instant case.

Before the testimony was introduced the State by the testimony of several witnesses showed that a subpoena had been issued for witness Olds in the instant case, that it was returned unfound by the officers of the Sheriff's Department, that Olds had apparently left the State of Alabama, and that no one was able to testify to his present whereabouts.

 First, the general rule is a similar difficulty between the accused and a stranger in no way a part of the res gestae of the case being tried is inadmissible. Helms v. State, 34 Ala.App. 82, 37 So.2d 229. See Alabama Digest, Criminal Law, ☜157(5). However, "in criminal causes the conduct and declarations of the defendant on other occasions are relevant [when they] tend to shed light on his motives and intentions in doing the act complained of." Hall v. State, 208 Ala. 199, 94 So. 59; Harden v. State, 211 Ala. 656, 101 So. 442;

79

Alabama Digest, Criminal Law, ☞412(3). Many other cases could be cited as to this well-known rule.

■ But in order for such testimony to be admissible it must appear that it must have been given "(1) under oath, (2) before a tribunal or officer having by law the authority to take testimony and legally requiring an opportunity for cross-examination, (3) under circumstance affording the party against whom the witness was offered an opportunity to test his credibility by cross-examination, and (4) given in a litigation in which the issues and parties were substantially the same as in the present cause, is receivable as evidence in the present trial (5) when the personal attendance of the witness to testify in the present trial is not feasible. Wignore, sec. 1370–1394. Three of our leading cases are Wyatt v. State, 35 Ala.App. 147, 46 So.2d 837, cert. den. 254 Ala. 74, 46 So.2d 847 (by Judge Harwood); and Wellden v. Roberts, 37 Ala.App. 1, 67 So.2d 69, cert. den. 259 Ala. 517, 67 So.2d 75 (by Judge Price); Marler v. State, 67 Ala. 55 (by Justice Somerville)." J. Russell McElroy's The Law of Evidence in Alabama, Volume 2, Section 245.07(1).

Although much is left in the sound discretion of the court, the difficult question, as we see it, arising in the instant case, is whether the issues of the former trial were substantially the same as those in the instant case. Many cases bearing on this question are collected in Judge McElroy's The Law of Evidence in Alabama, Volume 2, Section 245.07(6).

We think the rule set out in Nordan v. State, 143 Ala. 13, 39 So. 406, and which applies to a factual situation substantially similar to the instant case is based on reason and common sense and should be submitted as an authority for the admission of testimony of Calvin Olds in the present case. We quote from Nordan, supra, as follows: "It is true that the main issue in the seduction case, in which the deceased witness testified, is entirely different from the main question in the present case. But

as to the particular evidence here offered the issue in the two cases is identical; that is, the genuineness of the letters . . . the particular issue upon which the evidence was offered is the same."

■ It appears that the other requirements for the admission of this sort of testimony, above numbered and set out, were met in the instant case. In our opinion there was no error in the admission of the testimony of Olds given in the former case against appellant.

We have taken note of argument of appellant in brief and have carefully considered the entire record for error injurious to the rights of appellant. Finding none, the case is due to be affirmed.

The foregoing opinion was prepared by Honorable W. J. HARALSON, Supernumerary Circuit Judge, serving as a Judge of this Court under Section 2 of Act No. 288, Acts of Alabama, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.

The judgment below is hereby

Affirmed.

All the Judges concur.