368 So.2d 579 (1979)
Don Robert BARCLAY
v.
STATE.
3 Div. 926.
Court of Criminal Appeals of Alabama.
January 30, 1979.
Rehearing Denied February 20, 1979.
*580 Benjamin E. Pool, Montgomery, for appellant.
William J. Baxley, Atty. Gen. and Karen N. Daniel, Asst. Atty. Gen., for the State.
BOWEN, Judge.
The appellant was indicted and convicted for the offense of child molestation as defined in Section 13-1-113, Code of Alabama 1975. Sentence was fixed at the maximum term of five years' imprisonment.
Sufficient evidence was introduced to authorize the jury to find that the appellant, under the guise of helping fourteen year old Marlin, took Marlin to a deserted building, forced him to drink vodka, attempted to make Marlin perform fellatio and committed an act of sodomy upon the youth. The appellant admitted being with Marlin but disclaimed any improper conduct.

I
Initially the appellant alleges that the trial judge erred in failing to charge the jury that Section 13-1-114, Ala.Code 1975 (enticing a child to enter a vehicle, house, etc., for immoral purposes), and Section 12-15-13, Ala.Code 1975 (contributing to the delinquency of a minor) are lesser included offenses of Section 13-1-113, Ala.Code 1975 (child molestation).
At the close of the court's oral charge defense counsel announced "satisfied". The record contains no written requested charges and there is no indication that any requested charge was refused. In the absence of an objection or the refusal of a requested instruction there is nothing for this court to consider. Ingram v. State, 48 Ala.App. 193, 263 So.2d 179, cert. denied, 288 Ala. 743, 263 So.2d 181 (1972); Ross v. State, 16 Ala.App. 393, 78 So. 309 (1918).

II
Inasmuch as the constitutionality of the statute under which the appellant was indicted and convicted was not presented or contested in the trial court by any means, that question is not due to be decided on appeal. This court will not consider on appeal any constitutional questions not raised below. Steele v. State, 289 Ala. 186, 266 So.2d 746 (1972). However we note that the present statute has withstood at least one attack upon its constitutionality. Blocker v. State, 40 Ala.App. 658, 120 So.2d 924 (1960).

III
The appellant also challenges the lawfulness of the search of the building where Marlin was sexually assaulted and various items of physical evidence were seized. The State's position is based upon a written consent to search form executed by the appellant and by the fact that the appellant's wife voluntarily unlocked the door for them. Under the State's evidence the appellant consented to the search of the deserted building only after he had talked to his wife. The appellant presented contradictory evidence on this point and maintains that a consent to search is per se invalid and the State failed to prove that the consent was voluntarily and intelligently given.
Proper consent may constitute a waiver of Fourth Amendment rights, Zap v. United States, 328 U.S. 624, 66 S.Ct. 1277, 90 L.Ed. 1477 (1946), and makes a search warrant wholly unnecessary. Toston v. State, 333 So.2d 161 (Ala.Cr.App.1976). The voluntariness of consent to search is a question of fact to be determined from the totality of all the circumstances. Schneckloth v. Bustamonte, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973); United States v. Smith, 543 F.2d 1141 (5th Cir. 1976).
The failure to inform the accused of his right to refuse is a factor to consider in determining voluntariness but is not to *581 be given controlling significance. United States v. Smith, 543 F.2d 1141, 1143 (5th Cir. 1976). "While knowledge of the right to refuse consent is one factor to be taken into account, the government need not establish such knowledge as the sine qua non of an effective consent." Schneckloth, 412 U.S. at 227, 93 S.Ct. at 2048. The burden of proving that the consent was, in fact, freely and voluntarily given rests upon the prosecution. Bumper v. North Carolina, 391 U.S. 543, 88 S.Ct. 1788, 20 L.Ed.2d 797 (1968). "The State must prove that there was no duress or coercion express or implied. The consent must be unequivocal and specific, and freely and intelligently given. There must be clear and positive testimony." Hardy v. State, 53 Ala.App. 75, 78, 297 So.2d 399, 402 (1974).
A "permission for search of premises and residence without search warrent" was signed by the appellant. That permission, in pertinent part, reads:
"Without there having been any threat or pressure, coersion or duress of any kind, and having been advised of my constitutional rights, and having waived said rights, I do hereby give my consent or permission for officers: H. A. Simpson & Vernon Hamn
 Address: 612 W Fourth
 White house next to above
 address
of the Autauga County Sheriff's Department to search my premises and residence and to seize and carry away any such items deemed necessary by above officers.
 s/ Don R. Barclay
 Signature"
An examination of the totality of the circumstances reveals that the evidence fully established that the appellant's consent to search was voluntarily given after being advised of his constitutional rights, despite the contention that the consent was involuntary because the appellant did not know he had the right to refuse.
We have searched the record for error prejudicial to the accused. In its absence, we affirm the judgment of the trial court.
AFFIRMED.
All Judges concur.