Appellant was indicted by the DeKalb County Grand Jury for the offense of sodomy in the first degree. The jury returned a verdict of guilty of the lesser included offense of sexual abuse in the first degree and the trial court sentenced appellant to ten years' imprisonment. Appellant does not raise the sufficiency of the evidence as an issue on appeal.
The testimony of the thirteen year old victim established that he was abducted by appellant while walking to school on the morning of September 1, 1981. The appellant forced the boy into his vehicle and then drove for some distance before stopping at a wooded spot along the highway. Appellant took a bottle of Vaseline lotion from the back seat and then forced the victim to walk up a hill into the woods. He forced the child to lower his pants, and after applying the lotion to both the victim and himself, he committed an act of anal sodomy upon the boy.
After the assault, they returned to the vehicle and appellant took the victim to a location on the highway near a neighbor's house. He pushed the boy out of the automobile and drove away in the direction of Chattanooga, Tennessee.
The victim was able to mentally retain the appellant's tag number and to describe his vehicle and clothing in detail to the police. He related the model, color, tag number, and missing accessories of the appellant's vehicle, as well as describing the location of the Vaseline bottle inside the automobile.
Those further facts necessary to the resolution of the issues raised on appeal will be detailed as necessary.
 I
Appellant contends the trial court erred in denying his motion to suppress evidence removed from his vehicle during a warrantless search conducted by police with appellant's written consent. At trial, appellant asserted that the vehicle was illegally seized and that the appellant's consent was coerced. In brief, he argues the search was not incident to a lawful arrest, that there were no exigent circumstances justifying the warrantless search, and that the police lacked probable cause to search the vehicle. As will appear below, all of appellant's contentions are without merit.
The evidence which was removed from appellant's automobile and admitted at trial was a bottle of Vaseline lotion.
During the hearing on appellant's motion to suppress, Detective James W. Roach of the Chattanooga, Tennessee Police Department testified he went on duty at 3:00 p.m. on September 1, 1981. At approximately 4:45 p.m., he received a telephone call from Officer John Paul Johnson and Detective Wayne Parker of the Fort Payne, Alabama Police Department. He was informed that there were Alabama warrants for sodomy and kidnapping out on one Roger Dale Coots and that he was believed to be located in the Chattanooga area. Detective Roach was given a tag number, a "good" description of the vehicle and "basically not *Page 866 
a real good description" of appellant. He received the address of a local florist and was requested to check that location for the vehicle in order to detain appellant and secure the vehicle. The appellant worked there. Detective Roach located the vehicle at the florist shop at approximately 5:00 p.m. He immediately called for assistance and a detective was dispatched to assist him. However, before the detective arrived, a man hurriedly exited the florist shop, entered the automobile, and began to drive toward Detective Roach. Detective Roach pulled his vehicle in front of appellant's automobile, got out, and ordered appellant out of his vehicle. Appellant identified himself as Coots in response to Roach's inquiry, and Roach immediately arrested him and read him hisMiranda rights. Detective Roach testified it was raining very hard at that time. He handcuffed appellant, placed him in his vehicle, and waited for assistance to arrive. Roach stated this arrest was made at approximately 5:30 p.m.
Detective Roach had appellant's vehicle towed from the street to the police impound lot where he secured the vehicle by locking it. Roach had appellant transported by patrol car to his office where he again read appellant the Miranda warnings, and waiver of same, from a form, which appellant then signed. Shortly after the arrest, Officers Parker and Johnson arrived at Detective Roach's office. Appellant refused to cooperate with Parker and Johnson in giving a statement. The officers then talked with him about searching his vehicle for evidence. He agreed to the search and signed an Authorized Consent to Search form. The signed form appears in the record as follows:
"AUTHORIZED CONSENT TO SEARCH
"DATE 9-1-81 TIME: 7:15 p.m.
 "I, /s/ Roger Dale Coots, Have been informed of my right not to have a search made of my premises described below, and of my right to refuse to consent to such a search. I authorize /s/ Bill Roach of the Chattanooga Police department to conduct a search of my /s/ 1977 Chev. Malibu located at Chatt. Tenn. P.D., and further that these officers have my permission to take from my premises for examination any items, materials or property that they have reason to believe to be stolen or is being illegally possessed by me or on my premises that may be considered material evidence in their investigation.
 "This permission is given by me to the officers named, Voluntarily and no threat or promises have made to me.
"SIGNED: /s/ Roger Coots
 WITNESS: /s/ William Roach DATE 9-1-1981 /s/ George C. Brown DATE 9-1-1981 /s/ John Paul Johnson DATE 9-1-1981"
(R. 62)
Detective Roach testified no threats, promises, or offers of reward were made to appellant to cause him to sign the waiver. Four officers were present and seated in the office when the form was signed. The form was signed at 7:15 p.m., less than two hours after the initial arrest was made.
Detective Roach accompanied Parker and Johnson to the impound lot. Roach observed Parker and Johnson search the interior of the automobile, where they found a plastic container of Vaseline. After the search, the three officers went back to appellant and talked with him about returning to Alabama. Roach filled out a Waiver of Extradition form which appellant signed.
Roach testified on cross-examination that no deal was made with appellant to obtain his consent to search the vehicle; that appellant was told they would like to search the vehicle; and that appellant was cooperative and allowed them to search the vehicle. He stated the authorized policy for searching vehicles for his department was to obtain either an authorized consent form or a search warrant upon reasonable information. Because the appellant voluntarily consented, Roach saw no reason to go further.
Investigator Wayne Parker, of the Fort Payne Police Department, testified during the suppression hearing prior to Detective Roach. He had previously testified during *Page 867 
trial that he was informed by the victim of the details of the assault on September 1, 1981. He received a description of the assailant's clothing and vehicle, as well as the vehicle tag number. After talking with the victim, Parker checked on the tag registration, put out a "be-on-the-lookout" report to the Chattanooga Police Department, and obtained a warrant for appellant's arrest.
Investigator Parker testified a telephone call was subsequently made to Detective Roach informing him of a suspected location for appellant in Chattanooga. Later in the afternoon Detective Roach informed him the suspect had been taken into custody. Parker and Officer Johnson then drove to the Chattanooga Police Department.
During voir dire on appellant's motion to suppress, Parker testified he observed appellant in the detective's office in Chattanooga. He was dressed in the clothes described by the victim. Parker, along with Johnson and Roach, went to the impound lot. The vehicle matched the description and tag number given earlier by the victim. Parker observed a plastic Vaseline bottle, lying in plain view, just by peering into the vehicle. Although several items were found in the automobile, Parker testified the only thing removed from the vehicle was the plastic Vaseline bottle.
Appellant presented no evidence to rebut the state's evidence in support of his motion.
The requirement of a search warrant is vitiated when there is in fact a voluntary consent to the search. Scott v. State,409 So.2d 978 (Ala.Cr.App. 1981). The state bears the burden of proving, by clear and positive testimony, that the consent was, in fact, freely and voluntarily given. The testimony must prove there was no duress or coercion, either express or implied, and that the consent was specific, unequivocal, and freely and intelligently given. Behel v. State, 390 So.2d 662 (Ala.Cr.App. 1979), cert. denied, 390 So.2d 671 (Ala. 1980); Barclay v.State, 368 So.2d 579 (Ala.Cr.App.), cert. denied, 368 So.2d 581
(Ala. 1979), cert. denied, 444 U.S. 928, 100 S.Ct. 269,62 L.Ed.2d 185 (1979). A statement or some overt act by the accused sufficient to indicate his intent to consent to the search must be proven. Hardy v. State, 53 Ala. App. 75,297 So.2d 399 (1974).
The voluntariness of the consent to search is a question of fact for the trial judge which is to be determined from the totality of all the circumstances. Scott, supra; Barclay, supra. The trial court's finding will not be disturbed on appeal unless the appellate court is convinced that the conclusion is palpably contrary to the weight of the evidence.Weatherford v. State, 369 So.2d 863 (Ala.Cr.App.), cert. denied, 369 So.2d 873 (Ala. 1979), cert. denied, 444 U.S. 867,100 S.Ct. 141, 62 L.Ed.2d 91 (1979).
The facts recited above indicate the law enforcement officers involved scrupulously followed the requirements of the law. Detective Roach properly called for assistance and attempted to wait for another officer to arrive before making the arrest. Not having a good description of appellant, it was again appropriate for him to allow the suspect to enter the known vehicle before arresting appellant. Detective Roach then moved immediately to stop appellant from leaving the scene. Though the vehicle could well have been searched immediately, it was equally proper for the search to be postponed and the automobile impounded, considering the arrest was made in the midst of a driving rain. See Reid v. State, 388 So.2d 208 (Ala. 1980); Blaine v. State, 366 So.2d 353 (Ala.Cr.App. 1978).
We find the trial court was justified in concluding that the appellant freely and voluntarily consented to the search.Blaine, supra; Hardy, supra. Appellant was repeatedly advised of his Miranda rights. He was held in an office, not a jail cell, for a period of less than two hours before consenting to the search. The officers' testimony that appellant's consent was voluntarily and freely given was uncontradicted. The act of consent, as testified to by the officers, was evidenced and supported by appellant's written consent. The consent form appellant signed acknowledged his *Page 868 
right to refuse to consent and that his consent was voluntarily given. Under these circumstances, where consent was freely given, securing a search warrant was wholly unnecessary. Loftonv. State, 371 So.2d 988 (Ala.Cr.App. 1979).
 II
Appellant argues that the trial court erred in refusing to charge the jury that an accused can not be compelled to give evidence against himself and that such a failure to testify cannot be considered by the jury in its deliberations. Appellant raised his oral objection at the close of the court's oral charge. The court responded as follows:
 "THE COURT: Do you have a charge that you want me to give?
 "MR. MAUNEY: Well, constitutionally, the defendant is entitled to that charge. I do not have a charge typed up, no, sir, but he is entitled to be given — for that charge to be given to the jury, that under the Fifth Amendment he is not compelled to take the stand and give evidence against himself.
 "THE COURT: Well, I would have been happy to give that charge if you had told me before that you wanted it given. If you have got one that you want me —
 "MR. MAUNEY: I do not have a charge prepared, no, sir.
"THE COURT: Is there anything further?
"MR. MAUNEY: No, sir."
(R. 306)
After the jury commenced its deliberations, the trial judge stated to appellant's counsel that he was still willing to give a written charge concerning the fact that the appellant was not required to take the stand and testify against himself, but that because such had not been tendered to him in writing, nor requested in writing, he had declined initially to give this. (R. 308-309). Appellant's counsel again declined to tender a written charge, but renewed his motion for a mistrial which was overruled.
Initially we must point out that the trial court in its oral charge covered the presumption of innocence and the question of reasonable doubt which must arise from a lack of evidence, but also the trial court stated: "The burden is never on the defendant to establish his innocence or to disprove the facts necessary to establish the crime with which he is charged." (R. 297). This thought is also expressed in slightly different phraseology further in the oral charge. (R. 298).
As the trial judge pointed out, the charge was not requested in writing, as is required when the objection is to the court's omission to charge. The charge was properly refused for this reason. Section 12-16-13, Code of Alabama (1975). Hollis v.State, 399 So.2d 935 (Ala.Cr.App. 1981); Thigpen v. State,369 So.2d 291 (Ala.Cr.App. 1978), cert. denied, 369 So.2d 297 (Ala. 1979).
The appellant's remedy was to request or tender a written charge covering any subject matter not fully covered under the oral charge. Since the appellant failed to do this, the issue asserted is not properly preserved for review. Hollis v. State,399 So.2d 935 (Ala.Cr.App. 1981).
For the reasons herein stated, the judgment below is due to be and the same is hereby affirmed.
AFFIRMED.
All the Judges concur.
[EDITORS' NOTE: PAGES 869-878 CONTAINED DECISIONS WITHOUT OPINIONS.] *Page 1369