### SMITHY JACKSON v. THE STATE.

#### No. 4619.  Decided March 10, 1909.

#### Re-hearing Denied April 14, 1909.

**1.—Murder—Sufficiency of the Evidence.**

Where upon trial for murder the evidence showed that the defendant had made frequent and recent threats to kill his wife, and had been living in open adultery with another woman, a conviction of murder in the first degree was sustained; although the defendant claimed the killing was accidental, and there was strong evidence tending to sustain this view.

**2.—Same—Argument of Counsel.**

Where upon trial for murder the State's counsel called the defendant a brute, and the missing link in the chain of beings, and the court instructed the jury in writing to disregard these remarks, there was no error.

**3.—Same—Argument of Counsel.**

Where upon trial for murder the State's counsel vigorously asserted his belief in the guilt of the defendant, and that if he believed him innocent he would have dismissed the case, and the court cautioned the jury that counsel must adhere to the facts, and no special instruction to disregard these remarks was requested by the defense, there was no error.

**4.—Same—Argument of Counsel.**

Upon trial for murder there was no error in State's counsel argument that defendant had failed to place upon the witness stand his father, who was shown to have been present at the trial and must have known the facts and circumstances of the offense charged.

**5.—Same—Argument of Counsel.**

Upon trial for murder there was no error in the argument of State's counsel severely attacking the credibility of defendant's main witness; besides there was no charge requested by the defendant to disregard such argument.

Appeal from the District Court of Polk. Tried below before the Hon. L. B. Hightower.

Appeal from a conviction of murder in the first degree; penalty, imprisonment for life in the penitentiary.

The opinion states the case.

*J. C. Feagin* and *J. Holshousen,* for appellant.—On question of argument of counsel: Parks v. State, 35 Texas Crim. Rep., 378; Stone v. State, 22 Texas Crim. App., 185.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—Appellant was indicted in the District Court of Polk County on a charge of the murder of one Gerdie Jackson. He

was tried on December 14, 1908, and convicted of murder in the first degree, and his punishment assessed at confinement in the penitentiary for life.

1. As the record comes to us there is no statement of facts, and it must, of course, be assumed that the proof justified and sustained the verdict and judgment of conviction, There is no complaint in the motion for new trial of the charge of the court, nor upon an examination of same does it seem that it is subject to any objection or criticism.

2. The fifth ground of the motion is based on the charge that the verdict of the jury is contrary to the law and evidence, and is supported by neither the law nor the evidence, in this: that the greater weight and preponderance of the evidence fails to show that appellant, at the time of the homicide, bore any malice toward the deceased, nor does it show that he purposely killed his wife, but that the greater weight and preponderance of the evidence does show that the defendant killed, or that the gun which was fired and produced her death was accidentally fired, and that there was no intention on his part to kill or shoot the deceased, but that the gun was accidentally discharged in a scuffle between the defendant and the deceased, in which appellant was attempting to take the gun from his wife. It needs no citation of authorities to support the statement that, in the absence of a statement of facts, this ground of the motion can not be reviewed.

3. The only remaining matters urged, either in the motion for new trial or shown by bill of exceptions, relate to complaints made of the argument of the county and district attorneys. It is urged in the motion, and the bill shows, in substance, that, in the course of the discussion of the case, Mr. C. Bothea, county attorney, among other things, said to the jury: "Think of the defendant in this case—this brute, this missing link in the chain of beings." On objection being made to this character of argument, or kind of statement, the court instructed the jury as follows: "Gentlemen of the jury: You are instructed not to consider any argument not upon the facts or evidence in this case. Counsel has no right to vilify or abuse an accused on trial, nor make any remark as to his personal appearance, and the jury will not consider such remark of counsel." Again, in the closing discussion, J. L. Manry, district attorney, made the following statement: "Judge Holshousen, one of the counsel for the defendant, says: 'You, gentlemen of the jury, should not try this case by what I say, nor by what any other counsel in this case may say. I am not under oath, neither is the district attorney; but I say that, when I took the oath of office as district attorney, I then swore that I would see that justice was done to the innocent as well as the guilty, and so help me God, I have done so, and so long as I represent this constituency I will continue to do so; I have the right to file a motion to dismiss a case when I think the defendant is not guilty; I always file motions to dismiss, as you, or some of you, may know, and as his Honor on the bench

knows; and if the defendant was innocent in this instance I would do so in this case.'" On objection being made, the court stated to the jury that counsel should stick to the facts in the case. There was no charge requested by counsel for the appellant instructing the jury to disregard these remarks. While we believe it is the better practice not to indulge in such vehement expressions of personal opinion, after all, the statement complained of was no more than a vigorous assurance on the part of counsel for the State of his belief in the guilt of the appellant, and the further assurance that, if he had believed him innocent, he would have dismissed the case.

4. Again, in the course of his argument, Mr. Manry used this language: "The witnesses the State has put on the stand, and who testified to the material facts in this case, are not related to either party; they are Houston Butler and Barnes Howard; they are disinterested, but who are the principal witnesses for the defendant? They are old Lou Jackson, the wife of the father of the defendant, and the defendant himself. Why did not the counsel for the defendant put Milton Jackson (father of the defendant) on the stand? The proof shows that Milton was his father; that he was on his gallery in sight of the defendant's house, and was the first to get to the deceased after she was shot, and who knows more about this case than anyone else; Milton Jackson is here in attendance on the court as a witness. Why did not the counsel put him on the stand? They know that they could not afford to do it, and I know it, and you know it. Old Milton Jackson has not testified, and they dare not put him on the stand." Objection was made to this argument. The bill recites that the district attorney turned and said to the court: "I was discussing the fact that the defendant did not put his father on the stand." Whereupon the court, in addressing the district attorney, said: "Go ahead." The argument of the district attorney was well within his rights. The failure of a defendant to place upon the witness stand one so closely related to him as his father, who is shown to be present, and who must, in the nature of things, have been advised of the circumstances of the crime charged, is a proper subject of comment and discussion. In ordinary experience the inference is fair that the testimony of the person so related would have been unfavorable. Even under our strict construction in respect to the testimony of the wife it has been held that the failure of the defendant to use her as a witness, where the circumstances show she would have known the facts in the case, is a proper subject of comment. Again, in the course of the discussion, the district attorney used this language: "They ask you to take the testimony of old Lou Jackson and acquit the defendant of this crime. I say to you, gentlemen of the jury, that old Lou Jackson is the wife of Milton Jackson (the father of this defendant), and if this defendant is a chip off of the old block, then Lou Jackson was afraid to tell the truth; she was afraid that she would go the way defendant's wife did." The bill recites that, when this language was used, counsel for appellant ob-

jected, but the district attorney, without heeding such objection, continued his remarks. Whereupon counsel for appellant addressed the court, insisting that appellant was entitled to be heard, and that it was not proper for the district attorney to use such remarks to the jury. Whereupon the court said he did not hear or understand what the remarks were that the district attorney had made to the jury; that Mr. Manry then stated and explained to the court that appellant's counsel were correct as to what he, the district attorney, had said, only that they did not go far enough, in that he was explaining to the jury the reasonable and probable influence surrounding the witness Lou Jackson. At this juncture counsel for appellant requested the court to instruct the jury not to consider such remarks. Whereupon the court admonished the district attorney to confine himself to the facts in the case, and orally instructed the jury not to consider the argument of counsel not based upon the facts. There was no request for additional instructions, in writing, touching this matter. While it may be, and probably is, true that the statements last above quoted were not justified by the record, we can conceive a state of case where they would not have been specially improper and this condition of the testimony, for aught we know, may have existed. We have reviewed the matters complained of at greater length than their importance requires, and have done so only because of the grave penalty assessed.

The judgment is affirmed.

*Affirmed.*

### ON REHEARING.

#### April 14, 1909.

RAMSEY, JUDGE.—This case was affirmed at the late Dallas term. When the case was considered on original submission the clerk of this court at Tyler had inadvertently failed to send to Dallas the statement of facts, which had been properly filed in the court below and duly certified to this court.

The motion for rehearing reasserts the proposition, which was presented in the court below, that the verdict of the jury was contrary to the law and unsupported by the evidence, in that it failed to show that the killing was purposely done, and that the evidence did not sustain the conviction of murder in the first degree. We have treated, in considering the motion for rehearing, the statement of facts as being duly filed, and as if it had reached us in due order. The evidence raises the issue that the killing was accidental, and there is strong evidence tending to sustain this view, but in view of the fact that appellant had been frequently separated from his wife, had been living in open and flagrant adultery with another woman, had made frequent and recent threats to kill his wife, we are not prepared to hold that the verdict of the jury was without evidence to support it. We deem it unnecessary to recapitulate the evidence here, but after a careful examination of the entire case, in the light of the whole record, considering the

facts as they appear in the statement of facts, we would not feel authorized to set aside the verdict of the jury and reverse the case on this ground.

The other questions are fully discussed in the original opinion, and require no further elaboration.

The motion for rehearing is accordingly overruled.

*Overruled.*