The appellant, James F. Donaldson, brought suit against Nellie Jean Buck, appellee, for damages resulting from an automobile collision.
The collision occurred on a bridge on Highway 52 in Shelby County. The bridge was approximately thirty feet long and the traveled portion was about seventeen feet wide. In lieu of side rails the bridge only had a small concrete curbing on either side. The highway leading to the bridge was paved and slightly wider than the bridge.
On a misty, rainy afternoon appellant approached the narrow bridge from one end at approximately twenty miles per hour. The appellee approached from the other end at approximately twenty-five miles per hour. The road was slippery and wet and the vehicles came into contact somewhere on the bridge. The appellant's vehicle came to rest in the creek off of the bridge on its side. The appellee steered her vehicle clear of the bridge and the vehicle came to rest on the highway about five car lengths from the end of the bridge.
The jury found for the defendant-appellee. Motion for new trial was overruled.
Appellant argues that it was reversible error for the trial court to allow comments by appellee's counsel during the closing arguments to the jury on the failure of appellant to call Dr. Wilson and Mr. Banderman as witnesses.
As to Mr. Banderman, the record shows:
 "MR. ELLIOTT: . . . What about the only witness who is not a party to this case. What about the passenger in his car, Mr. Banderman.
 "MR. THOMASON: We object to that. Mr. Banderman certainly is equally available to Mr. Elliott as he was to us. He was up here. He went home sick. Mr. Elliott knows that.
"MR. ELLIOTT: I do not know it.
"THE COURT: Overruled.
"MR. THOMASON: We except to it.
 "MR. ELLIOTT: I make this argument. If I'm wrong, you hold it against me. Monday that man was here and they brought it up about his friend being the passenger in the car. He didn't testify Monday. He didn't testify Tuesday or Wednesday. They come to us with opinions, but they don't come to you with any facts and that's what you're entitled to, the fact of this occurrence. The case of the Faulty Opinions."
It is the general rule that a party cannot comment in argument upon the failure of his opponent to call a particular witness if the witness is equally accessible to both parties.City of Birmingham v. Levens, 241 Ala. 47, 200 So. 888 (1941).
It was stipulated however that Banderman was a passenger in appellant's vehicle at the time of the accident and was injured. It was further stipulated that Banderman employed appellant's counsel to cause suit to be filed against appellee. The suit was settled for $2,000.00.
Thus, the question narrows to whether under these circumstances Banderman was *Page 788 
equally accessible, within the meaning of the law, to both parties.
In Carter v. Chambers, 79 Ala. 223 (1885), this court observed:
 ". . . There is a rule, and a just one, that if a party has a witness possessing peculiar knowledge of the transaction, and supposed to be favorable to him, and fails to produce such witness when he has the means of doing so, this, in the absence of all explanation, is ground of suspicion against him that such better informed testimony would make against him. McGar v. Adams, 65 Ala. 106; Kilgore v. State, 74 Ala. 1; Fincher v. The State, 58 Ala. 215; 1 Greenl. Ev. § 82. This duty, however, rests with special force on the party who has the burden of proof; most generally on the plaintiff. The defendant may, and frequently does, rest his defense on what he considers the weakness of his adversary's testimony, as he interprets it, or on the exculpatory features it presents. He is under no obligation to aid the plaintiff in making out his case. McGar v. Adams, supra. . . . ."
In Waller v. State, 242 Ala. 1, 4 So.2d 911, the defendant was tried for the offense of robbery. The State attempted to show flight. To refute flight the defendant testified that on the night of the alleged offense he spent the night with his father in the neighborhood of the occurrence. The father did not testify at trial. In closing arguments to the jury the solicitor commented that it was significant that the defendant did not call his father. The court reasoned that
 ". . . [o]ne so closely related to the defendant by blood is bound to be hostile to the State and can not be said to be as available to the State, as to the defendant. Jackson v. State, 56 Tex.Cr. 28, 117 S.W. 990; 14 Am.Jur. 875, § 151; Com. v. Spencer, 212 Mass. 438, 99 N.E. 266, Ann.Cas. 1913d 559; 16 C.J. 904, § 2250."
It can therefore be seen that being amenable to process is not the sole criterion for determining "equal availability" within the meaning of the rule.
This court in Alabama Power Co. v. Talmadge, 207 Ala. 86,93 So. 548, addressed this subject as follows:
 ". . . If these defendants were operating the gas plant on the occasion in question, the facts as to the manner of its operation were in the peculiar keeping of persons who, it may be assumed, were friendly to the defendants. In these circumstances it cannot be said that the argument which the court permitted to go to the jury, if it did permit any part of it, was unfair or improper. . . .
 ". . . It was said by Lord Mansfield in Blatch v. Archer, Cowp. 66:
 "`It is certainly a maxim that all evidence is to be weighed according to the proof which it is in the power of one side to have produced and in the power of the other to have contradicted.'
 "Prof. Wigmore says that the propriety of the inference that the party who fails to bring before the tribunal some circumstance, document, or witness, when either he or his adversary claims that the facts would thereby be elucidated, fears to do so, and that this is some evidence that the circumstance or document or witness, if brought, would have exposed facts unfavorable to the party so failing — this inference he says is most natural. 1 Wigm. Ev. § 285.
"In 2 Chamb.Mod.Ev. § 1075, it is said:
 "`In proportion as it is to the interest of the party to submit the evidence of an available witness, the jury are entitled to infer from his neglecting to do so that his evidence, if produced, would not be favorable to the party.'"
It would seem under the authorities cited that reversible error has not been *Page 789 
shown in allowing the argument in question. The witness had employed appellant's counsel to prosecute a suit against appellee. It is not unreasonable to conclude that the witness would be friendly toward appellant and unfriendly toward the appellee. Certainly, we cannot conclude otherwise on this scant record.
We see no need to address ourselves to the assertion of counsel that the witness was sick or the counter-assertion by opposing counsel seeming to contradict that fact. The trial judge was in a better position to weigh these claims than an appellate court. We cannot say that the witness was equally available as that term is used in our cases.
As for the comments concerning the failure to call Dr. Wilson as a witness, it appears that Dr. Wilson was equally available to both parties. Thus, it was error for the trial court to allow comment by appellee concerning the failure of appellant to call Dr. Wilson as a witness. However, the testimony of Dr. Wilson could only have gone to the question of damages. And error in the rejection or admission of evidence going merely to the extent of injury and damages will not work a reversal where there is a finding for the defendant. Reed v. L. Hammel DryGoods Co., 215 Ala. 494, 111 So. 237 (1927); Millsap v.Williamson, 294 Ala. 634, 320 So.2d 649 (1975). While the question in the instant case does not involve the admission of testimony as to damages, it does concern the prejudicial effect of comments concerning the failure of appellant to call a witness who would testify as to damages, and we conclude that the same principles should apply.
Appellant next alleges that the trial court erred in not permitting a physicist to answer hypothetical questions expressing his opinion as to whether the impact occurred on appellant's or appellee's side of the road.
Mr. Demetrius Zizzermann testified that he was employed at the U.A.B. Medical Center as a computer programmer; that he was studying for his doctoral degree in theoretical nuclear physics; and that at that time he held a bachelor and masters degree in physics. The record does not indicate that Mr. Zizzermann had any experience in automobile accident reconstruction.
 "The question of whether or not a particular witness will be allowed to testify as an expert is largely discretionary with the trial court, whose discretion will not be disturbed on appeal except for abuse. Baggett v. Allen, 273 Ala. 164, 137 So.2d 37
(1962); Johnson v. Battles, 255 Ala. 624, 52 So.2d 702 (1951)." Hagler v. Gilliland, 292 Ala. 262, 292 So.2d 647.
We are not persuaded that the trial court abused its discretion in disallowing the hypothetical questions. The rule is that hypothetical questions should not contain elements of fact not shown by the evidence. Mahone v. Birmingham ElectricCo., 261 Ala. 132, 135, 73 So.2d 378, 380 (1954); Salotti v.Seaboard Coast Line Railway Co., 293 Ala. 1, 299 So.2d 695
(1974).
Among the facts not in evidence were the weight of the vehicles (based upon telephone calls by the witness to automobile dealerships), the angle of collision, and the speed of the vehicles (the hypothetical assumed the vehicles were going at equal speeds, while the evidence was to the contrary). Further, according to the preliminary questions, Mr. Zizzermann assumed that the drivers exercised no control over the movement of the vehicles. The evidence showed otherwise. He further testified that to make his calculation he would have "to know the speed of one of the vehicles after the accident." There was no evidence in the record which showed *Page 790 
the speed of either vehicle after the impact.[1]
The preliminary questions to the witness which we have referred to were asked outside the presence of the jury. At the conclusion the trial court made the following comment:
 "It's my job to determine whether or not an expert is the expert in the field in which he's offered. He has been offered as a physicist expert. There's no doubt in my mind that he could probably explain to me Mr. Newton's law of gravity better than anybody to mankind, but if he's offered to tell me and this jury where these two vehicles came together on this wreck scene under all of the testimony, then he's been offered as an accident reconstruction expert and that he's not, and I'm going to sustain the objection."
Finally, appellant maintains that the trial court erred in refusing to allow appellant, after being cross-examined concerning answers to three interrogatories, to testify as to how many questions were in the entire set of interrogatories (the answers were not offered) into evidence. This court fails to see the relevance of such evidence to any material issue in the case. Furthermore, determination of whether particular evidence is relevant is largely within the discretion of the trial court. State Farm Mutual Auto Insurance Co. v. Humphres,293 Ala. 413, 304 So.2d 573 (1974). We find no abuse of discretion in the trial court's ruling.
The judgment appealed from is affirmed.
AFFIRMED.
BLOODWORTH, FAULKNER and EMBRY, JJ., concur.
HEFLIN, C.J., concurs in the result.
[1] Although we have mentioned several instances in which the facts in evidence differed from those assumed in the hypothetical questions, we do not say all these deficiencies must be satisfied in every case.