This case arises from an adverse judgment against the plaintiff in a personal injury action involving an accident at an apartment complex's swimming pool. The appellant seeks to reverse the judgment on four issues: (1) that the prejudicial nature of defense counsel's remarks during closing argument, regarding the plaintiff's medical history, constituted reversible error; (2) that the defendant improperly made comments regarding the failure of a witness to testify; (3) that photographs the defendant offered were improperly admitted into evidence and (4) the photographs the plaintiff offered into evidence were improperly excluded.
The accident occurred at Woodley Square Apartments in Montgomery. The plaintiff, Charles Harrison, went to the apartment complex with some friends on the night of June 23, 1979. Mark Cannon, a resident at Woodley Square, invited Harrison and the others to the apartment complex. After arriving, the group decided to sit beside one of the complex's pools. The plaintiff decided to dive into the pool after asking Cannon if he could go swimming. When Harrison went into the pool, he mistakenly dove into the shallow end and suffered serious injury when he struck his head on the bottom of the pool. At trial, Harrison asserted that the defendant, Woodley Square Apartments, maintained inadequate lighting and insufficient depth markings around the swimming pool. The jury rendered a verdict in favor of the defendant and Harrison appealed.
During closing argument, the defendant referred to the plaintiff's medical history. The defendant incorrectly stated that on one occasion Harrison had been hospitalized for an overdose of "librium, codeine, cocaine, aspirin and Scotch combination." The plaintiff failed to object at that point in the defendant's argument. When the plaintiff incorrectly believed that the defendant had made another reference to cocaine an objection was made. The trial court acknowledged that an improper reference to cocaine had been made during defense counsel's argument, and in the jury's presence the following took place:
 "THE COURT: In Mr. McDaniel's argument, he was referring to the hospital records of the Plaintiff and he referred to some of the history. What this is reference to is a history and not something that took place at the time. And also, it explicitly states in the record that — it says nothing in there about cocaine, it was Codeine, and since that was stated and if Mr. Daniel corrects that, if that was what was said, certainly you wouldn't consider that in any way because that would be highly prejudicial and don't let that in any way affect you in the outcome of this verdict, and make certain that you understand, first, that was not the facts, and everything else is argument, and only — past — well, that is what a history is, the past.
 "MR. MORROW: Your Honor, we move for a mistrial at this time.
 "THE COURT: All right, sir. Based upon my instructions to you, I am going to deny the mistrial and tell you to remove that. It is an incorrect statement and Mr. McDaniel will tell you so.
 "MR. McDANIEL: Yes, sir. Thank you. May it please the Court, and ladies and gentlemen of the jury, the word that I used, if I use Codeine, that is not correct. I want to be sure because they are in the record. Librium, Codeine, Aspirin, and a Scotch combination during the year of '79."
This Court clearly stated the rule regarding improper argument in Estis Trucking Co. v. Hammond, 387 So.2d 768 (Ala. 1980). When an objection to improper *Page 103 
argument is sustained and the trial court admonishes the jury:
 "[T]he test on motion for new trial and on appeal is whether the argument was so harmful and prejudicial that its influence was not or could not be eradicated by the action of the court. McLemore v. International Union, etc., 264 Ala. 538, 88 So.2d 170. When, after applying this test, the trial court denies a motion for new trial, its determination is presumed correct on appeal. McLemore v. International Union, etc., supra. In order to overturn such presumption, the reviewing court must determine from the facts and circumstances that the ruling of the court was unjust and plainly erroneous. [Essix v. City of Birmingham], 54 Ala. App. at 348, 308 So.2d at 259."
Id. at 772. It is evident from the record that the trial court's ruling was not "unjust and plainly erroneous." Judge Hooper's instructions to the jury sufficiently erased any prejudicial effect the defendant's comments may have had, thereby nullifying any potential grounds for reversible error.
The second issue raised on appeal also focuses on the defendant's closing argument. A comment was made about Mark Cannon and his failure to testify at trial. The plaintiff objected on the grounds that any reference to a witness's failure to testify, when that witness is equally available to both parties, is improper. This Court recognized that general rule in City of Birmingham v. Levens, 241 Ala. 47, 52,200 So. 888 (1941); C. Gamble McElroy's Alabama Evidence, § 191.01 (3d ed. 1977). Other decisions have defined when a witness is "equally available" or "equally accessible."[1]
The fact that either party can subpoena a potential witness does not make that witness automatically "equally accessible."Donaldson v. Buck, 333 So.2d 786, 788 (Ala. 1976). Cases exist where a potential witness favors one party over another. InDonaldson, the potential witness had filed his own suit against one of the parties. The potential witness was correctly not classified as "equally accessible." Id. at 789.
The Donaldson reasoning was recently applied in a decision involving a medical malpractice suit. In Drs. Lane, Bryant,Eubanks Dulaney v. Otts, 412 So.2d 254 (Ala. 1982), the potential witness was a physician whose testimony would clearly be favorable to the defendants. This Court refused to find that the potential witness was "equally available." Justice Beatty wrote, "It is not unreasonable to conclude that he [the witness] would be friendly toward defendants and unfriendly toward plaintiffs. Under these circumstances we cannot find that Dr. Mostellar was `equally available' to plaintiff as to defendants as that term is used in Donaldson and the cases discussed therein." Id. at 260.
Mark Cannon and the plaintiff were obviously friends in the present case. Cannon invited Harrison to come by the apartment complex. It is easy to infer that Cannon's testimony would favor the plaintiff. As we ruled in Otts, the trial court is in the best position to weigh a witness's "equal availability."Id. Thus, the trial court properly allowed defense counsel to comment about Mark Cannon's failure to testify.
The appellant also asserts that the trial court improperly admitted photographs the defendant offered into evidence. These photographs showed the swimming pool and the surrounding deck area. The pictures were taken during daylight hours and the plaintiff claimed that because the accident occurred at night the photographs were improperly admitted.
Before photographs may be properly admitted, two general conditions must be satisfied. First the picture must be properly verified and secondly, the photograph must tend to prove or disprove some relevant fact or must corroborate or disprove some other evidence offered or to be offered. McLemorev. Alabama Power Co., 285 Ala. 20, 228 So.2d 780 (1969), appeal *Page 104 
after remand, 289 Ala. 643, 270 So.2d 657 (1972); Louisville N. R.R. Co. v. Hall, 91 Ala. 112, 8 So. 371 (1890) (photograph may be authenticated by witness other than photographer);Farris v. State, 57 Ala. App. 390, 328 So.2d 640 (Ala.Cr.App. 1976); Hardy v. State, 53 Ala. App. 75, 297 So.2d 399
(Ala.Cr.App. 1974); See C. Gamble McElroy's Alabama Evidence §§ 123.03 (1)(4) (3d ed. 1977). The apartment complex manager authenticated the photographs, stating that the pictures accurately showed the swimming pool area. Whether a photograph is admissible is left up to the sound discretion of the trial court and his decision will not be reversed except for a showing of abuse. Moon v. Nolen, 294 Ala. 454, 318 So.2d 690
(1976); Fletcher v. State, 291 Ala. 67, 277 So.2d 882 (1973);Nettles v. Bishop, 289 Ala. 100, 266 So.2d 260 (1972); C. Gamble McElroy's Alabama Evidence § 123.03 (2) (3d ed. 1977).
The photographs were offered to show the swimming pool and the size of the deck. These photographs helped the jury to become familiar with the location of the accident. Although the photographs were taken during the daytime and the accident occurred at night, the trial court did not err when it admitted the pictures. The general rule for admission of photographs does not mandate that the photographs show the identical conditions as they existed at the time of the accident.Atlantic Coast Line R.R. v. Maynard Const. Co., 259 Ala. 623,67 So.2d 893 (1953). Such a strict standard would severely limit the use of photographs as evidence. The pictures offered by the defendant could have aided the jury, and their admission into evidence did not unfairly prejudice the plaintiff; therefore, the photographs were properly admitted into evidence.
Finally, the trial court correctly exercised its discretion when it refused to admit certain photographs the plaintiff offered into evidence. These photographs were taken more than a year after the accident and showed how the lighting conditions around the pool had changed. The improper placement and maintenance of lights around the pool were material issues in the case. Any photographs taken subsequent to the accident which showed a material difference in the pool's lighting condition were clearly inadmissible. Williams v. Wicker,235 Ala. 348, 179 So. 250 (1938); City of Montgomery v. Quinn,246 Ala. 154, 19 So.2d 529 (Ala. 1944). These photographs do not fit into the exception of this rule of law carved out in this Court's decision in Dixie Electric Co. v. Maggio, 294 Ala. 411,318 So.2d 274 (1975) (testimony regarding a change in condition admitted as part of the res gestae).
For the reasons stated, the judgment is affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and BEATTY, JJ., concur.
[1] Professor McElroy refers to a witness as being "equally available," C. Gamble McElroy's Alabama Evidence § 191.01 (3d ed. 1977). This Court has interchanged the terms "equally accessible" and "equally available."