In a complaint filed in municipal court, Kenneth Zasadil was charged with the crime of assault in the third degree, in violation of § 13A-6-22, Code of Alabama 1975. Following a bench trial in Montgomery Municipal Court wherein Zasadil voluntarily waived his right to counsel, Zasadil was found guilty as charged and was ordered to serve 30 days in the city jail. Zasadil appealed for a trial de novo in Montgomery Circuit Court; the jury found Zasadil guilty of assault in the third degree; and he was sentenced to 30 days in the city jail and was ordered to pay court costs and $50.
At the outset, we note that Zasadil, who appears pro se, failed to cite any legal authority in support of any of the issues raised in his brief. Although we are not required to consider matters on appeal unless they are presented and argued in brief with citations to relevant legal authority, we shall nevertheless address his contentions briefly.
 I
Zasadil contends that the trial court erred in granting the City's motion in limine which prohibited Zasadil from making *Page 232 
any reference during the trial to any civil action that was being pursued by the victim, who was formerly Zasadil's attorney. Zasadil argues that the victim's representation of him in this civil action formed the basis of the disagreement which ultimately led to the alleged assault.
It is within the trial court's discretion to grant a motion in limine, which limits the testimony of all witnesses to relevant and material issues. Hill v. State, 366 So.2d 318
(Ala. 1979). In the instant case, the trial court did not abuse its discretion in granting the City's motion in limine because testimony of the victim's representation of Zasadil in a previous civil action was irrelevant and immaterial to the issue of assault, and that evidence would only serve to prejudice the jury. The trial court did allow the victim and Zasadil to testify as to what transpired between the victim and Zasadil on the day of the alleged assault, including testimony of what was said by the victim and Zasadil on this particular day and why Zasadil was in the victim's law office on this particular day. The court properly ruled, however, that the details of the prior civil action were inadmissible because the prejudicial effect of this other litigation would outweigh its probative value.
 II
Zasadil contends that the trial court erred in admitting into evidence photographs depicting the injuries sustained by the victim during the assault.
The admissibility of a photograph is left to the sound discretion of the trial court, and its decision will not be reversed unless there is a showing of abuse. Harrison v.Woodley Square Apartments Ltd., 421 So.2d 101 (Ala. 1982).
 "Before photographs may be properly admitted, two general conditions must be satisfied. First the picture must be properly verified and secondly, the photograph must tend to prove or disprove some relevant fact or must corroborate or disprove some other evidence offered or to be offered."
Harrison v. Woodley Square Apartments, Ltd., 421 So.2d at 103.
To prove assault in the third degree, the prosecution must show physical injury. Section 13A-6-22, Code of Alabama 1975. The photographs in the instant case were identified, verified, and admitted into evidence upon the testimony of the victim, who testified that the pictures were a true and accurate representation of his injuries and the scene of the altercation as they existed at the time of the assault. As such, all of the photographs were relevant and material to the issues of the case and were properly admitted into evidence because the proper foundation was laid.
 III
Zasadil contends that the trial court erred in allowing the testimony of Karen Clark. We disagree.
Karen Clark testified that she heard screams of "Help me, help me" coming from the victim's law office. She identified the voice as that of the victim. Ms. Clark further testified that she saw Zasadil walking out of the victim's law office moments after hearing the victim's screams.
Zasadil, who failed to object to Clark's testimony at trial, has failed to preserve this issue for appellate review.Bell v. State, 466 So.2d 167 (Ala.Cr.App. 1985). A motion for new trial is not sufficient to preserve the issue when no timely objection was made at the time the evidence was offered and admitted. Fisher v. State, 439 So.2d 176 (Ala.Cr.App. 1983).
We note that had this issue been properly preserved for appeal, there was no abuse in allowing Clark to testify to what she heard and saw on the day of the alleged assault.
 IV
The balance of the issues stated in Zasadil's brief were not the subject of adverse rulings by the trial court and have not been preserved for appellate review. Maul v. State,531 So.2d 35 (Ala.Cr.App. 1987).
The foregoing opinion was prepared by the Honorable JAMES H. FAULKNER, a *Page 233 
former Alabama Supreme Court Justice, and his opinion is hereby adopted as that of the court.
The judgment of the circuit court is affirmed.
AFFIRMED.
All the Judges concur.