BASCHAB, Judge,
dissenting.
Because I believe the trial court properly granted the State’s motion in limine, I respectfully dissent. “It is within the trial court’s discretion to grant a motion in li-mine, which limits the testimony of all witnesses to relevant and material issues. Hill v. State, 366 So.2d 318 (Ala.1979).” Zasadil v. City of Montgomery, 594 So.2d 231, 232 (Ala.Crim.App.1991).
“Before evidence may be considered by a jury, it must fulfill certain minimum requirements of admissibility, including that of relevancy. ‘Evidence which is relevant has some tendency to make the existence of any fact or inference that is of consequence to the determination of the action more or less probable than it would be without the evidence.’ Daw-kins v. State, 455 So.2d 220, 221 (Ala.Cr. App.1984).
“In Dennard v. State, 405 So.2d 408, 410 (Ala.Cr.App.1981), we held:
“ ‘Evidence, to be competent and admissible, must be relevant. This is to say, evidence must tend to prove or disprove the issues before the jury. The determination of the relevancy or lack of relevancy of particular evidence rests largely in the sound discretion of the trial judge. It is, therefore, the duty of the trial judge to limit the evidence to the points in issue so that the attention of the jury is not distracted, nor withdrawn from the primary issues, to be directed towards foreign matters or issues of questionable or doubtful relevancy.’
“The court may exclude evidence when it is such as to furnish a basis for nothing more than mere conjecture or remote inferences in reference to the transaction under investigation. Traw- *237 ick v. State, 431 So.2d 574, 578 (Ala.Cr.App.1983).”
Hawkins v. State, 549 So.2d 552, 557 (Ala.Crim.App.1989). Furthermore,
“ ‘ “[a] criminal defendant has the right to a thorough and sifting cross-examination, but that right is not absolute. The latitude and extent of cross-examination are matters within the sound'discretion of the trial court, and in the absence of abuse, that discretion is not reversible on appeal.”
“ ‘Ex parte Pope, 562 So.2d 131, 134 (Ala.1989), cert. denied, 498 U.S. 841, 111 S.Ct. 118, 112 L.Ed.2d 87 (1990). “The trial court has the discretion reasonably to limit the range of cross-examination in respect to collateral and irrelevant matters or with respect to matters that unnecessarily consume time in the trial of the case.” C. Gamble, McElroy’s Alabama Evidence § 136.01 (4th ed.1991). Furthermore, “on appeal, the party claiming that a trial judge has abused his discretion in such aspects bears the burden of persuasion.” Connell v. State, 294 Ala. 477, 481, 318 So.2d 710, 714 (1974).’
“Smiley v. State, 655 So.2d 1074, 1091 (Ala.Cr.App.1993).”
Wright v. State, 641 So.2d 1274, 1278 (Ala.Crim.App.1993).
In this case, the trial court indicated that it would give the appellant an opportunity to introduce some evidence about the encounter with Jackson if she could show a connection between Graham and Jackson that amounted to more than just working in the same police precinct. The appellant cross-examined Graham about his knowledge about and relationship with Jackson, but did not show that there was a relevant connection between Graham and Jackson. The majority states that the appellant offered proof, in the form of a police report, an audiotape, and a letter from Internal Affairs, that her allegations were more than “mere conjecture or remote inferences.” However, although she referred to these items, the record does not indicate that she actually presented them to the trial court. Furthermore, even if such items were in the record, they would not remove the conjectural nature or remoteness of the allegations that Graham and Jackson conspired against her. These items might substantiate the fact that a report was filed and investigated, but they would not substantiate the fact that a conspiracy existed. Evidence that Graham knew Jackson or knew about the investigation falls far short of bolstering the appellant’s conspiracy theory of defense. In fact, Graham testified that, although he knew about the allegations against Jackson when he encountered the appellant, he did not know that Jackson had resigned and was no longer working for the Birmingham Police Department. Thérefore, Graham’s knowledge about the allegations against and investigation of Jackson would not tend to prove or disprove whether a conspiracy existed. It could, however, distract the attention of the jury from the primary issue before it. Because evidence about the appellant’s specific allegations against Jackson was not relevant to the unlawful possession of a controlled substance charge against her and may have led to unnecessary evidence about several collateral matters, the trial court properly granted the State’s motion in limine.