PARKER, Justice.
 

 This appeal arises out of a motor-vehicle accident that occurred in Morgan County involving a vehicle operated by Evelyn Van Voorst and one operated by Diane M. Hyde. A parked vehicle belonging to Federal Express Corporation (“FedEx”) was also allegedly involved in the accident. The trial court entered a summary judgment in favor of FedEx and Hyde and a partial summary judgment in favor of the estate of Evelyn Van Voorst, who died as a result of injuries sustained in the accident. This appeal followed.
 

 Facts
 

 The underlying action arises out of a motor-vehicle accident that occurred on September 26, 2002, at the intersection of Alabama Highway 36 and Freeman Avenue in Morgan County. The accident involved two vehicles, one of which was operated by Evelyn Van Voorst and the other by Hyde. Gracie Van Voorst and her minor daughter, Cheyenne Van Voorst, were passengers in the vehicle operated by Evelyn Van Voorst.
 

 Gracie alleges that at the time of the accident a FedEx vehicle was parked on Highway 36 near where that highway intersects with Freeman Avenue. She alleges that the location of the parked FedEx vehicle interfered with Hyde’s and Evelyn Van Voorst’s ability to appreciate traffic approaching and entering the intersection where the collision occurred. But Gracie also testified in deposition that Evelyn Van Voorst, who was traveling on Freeman Avenue, did not come to a complete stop before entering Highway 36.
 

 Alabama State Trooper Cpl. Tim White, one of the officers who investigated the accident, testified that the FedEx vehicle was stopped at a house to make a delivery when the accident occurred. By the time Trooper White arrived at the scene, the FedEx vehicle had left. Trooper White did not try to locate the FedEx driver and was not aware of any action taken by the State of Alabama against FedEx as a result of this accident. To Trooper White’s knowledge, neither FedEx nor the driver of the FedEx vehicle was charged with any traffic violation in conjunction with the accident.
 

 Hyde testified that at the time of the accident between Hyde’s vehicle and Evelyn Van Voorst’s vehicle, the FedEx vehicle was parked in a gravel area adjacent to Alabama Highway 36. Hyde was traveling west on Highway 36. She passed the parked FedEx vehicle, which was parked to the right of Hyde’s travel lane in a gravel area. Hyde testified that no portion of the FedEx vehicle extended onto the paved surface of Highway 36 at the time of the accident. She recalled that the wheels of the FedEx vehicle were on the gravel adjacent to the roadway, not on the asphalt. Hyde said that she did not have to swerve around the FedEx vehicle as she approached it while traveling on Highway 36. The FedEx vehicle did not block Hyde’s vision. Hyde’s testimony is consistent with the police report, which places the FedEx vehicle on the gravel adjacent
 
 *89
 
 to the roadway. The FedEx vehicle was parked at the time of the impact between Hyde’s vehicle and Evelyn Van Voorst’s vehicle.
 

 In her deposition, Gracie initially testified that she did not remember whether any portion of the parked FedEx vehicle protruded onto Highway 36. After a recess in the deposition, Gracie changed her testimony and stated that the front tire on the driver’s side of the FedEx vehicle was on the road, but she could not estimate as to how far into the road. She testified that more of the parked FedEx vehicle was on the gravel shoulder than on the road.
 

 Case History
 

 Gracie, individually and as representative of her minor daughter, Cheyenne, sued FedEx, Hyde, and the estate of Evelyn Van Voorst alleging, among other things, negligence. FedEx filed an answer denying every material allegation and denying any negligent conduct on its part. Gracie amended her complaint on December 17, 2004, identifying the personal representative for the estate of Evelyn Van Voorst and stating that FedEx is also known and identified as Federal Express Corporation and as FedEx, a corporation. FedEx answered the amended complaint on January 8, 2005, reasserting every defense set forth in its original answer. FedEx filed a second amended answer on May 2, 2005, adding as a defense that Gracie
 
 [1]
 
 failed to keep an adequate lookout at the time of the accident.
 

 On June 21, 2005, FedEx filed a motion for summary judgment and a brief in support of the motion. Gracie filed a response to FedEx’s summary-judgment motion on September 2, 2005. Along with her response, Gracie submitted her own affidavit. FedEx filed a motion to strike Gracie’s affidavit because, it said, the affidavit contained speculative statements, inadmissible hearsay, and legal conclusions and was untimely filed. Hyde and the estate of Evelyn Van Voorst also filed motions for a summary judgment.
 

 On September 7, 2005, the trial court conducted a hearing on all pending motions. On October 31, 2005, the trial court granted FedEx’s motion to strike Gracie’s affidavit and the summary-judgment motions of FedEx, Hyde, and the estate of Evelyn Van Voorst as to the negligence count, which was the only claim asserted against FedEx and Hyde. On November, 21, 2005, the trial court certified the summary judgment as final pursuant to Rule 54(b), Ala. R. Civ. P. Thereafter, on November 28, 2005, Gracie filed a motion to vacate the summary judgment pursuant to Rule 59(e), Ala R. Civ. P.; that motion was denied on December 20, 2005, without a hearing.
 

 Gracie appealed. The appeal was subsequently dismissed as to the estate of Evelyn Van Voorst, leaving FedEx and Hyde as appellees.
 

 Standard of Review
 

 “In reviewing the disposition of a motion for summary judgment, ‘we utilize the same standard as the trial court in determining whether the evidence before [it] made out a genuine issue of material fact,’
 
 Bussey v. John Deere Co.,
 
 531 So.2d 860, 862 (Ala.1988), and whether the movant was ‘entitled to a judgment as a matter of law.’
 
 Wright v. Wright,
 
 654 So.2d 542 (Ala.1995); Rule 56(c), Ala. R. Civ. P. When the movant makes a prima facie showing that there is no genuine issue of material fact, the burden shifts to the nonmov-
 
 *90
 
 ant to present substantial evidence creating such an issue.
 
 Bass v. SouthTrust Bank of Baldwin County,
 
 538 So.2d 794, 797-98 (Ala.1989). Evidence is ‘substantial’ if it is of ‘such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.’
 
 Wright,
 
 654 So.2d at 543 (quoting
 
 West v. Founders Life Assurance Co. of Florida,
 
 547 So.2d 870, 871 (Ala.1989)). Our review is further subject to the caveat that this Court must review the record in a light most favorable to the nonmovant and must resolve all reasonable doubts against the mov-ant.
 
 Wilma Corp. v. Fleming Foods of Alabama, Inc.,
 
 613 So.2d 359 (Ala.1993);
 
 Hanners v. Balfour Guthrie, Inc.,
 
 564 So.2d 412, 413 (Ala.1990).”
 

 Hobson v. American Cast Iron Pipe Co.,
 
 690 So.2d 341, 344 (Ala.1997).
 

 Analysis
 

 A. Did the trial court
 
 err
 
 in striking Grade’s affidavit?
 

 Rule 56(e), Ala. R. Civ. P., states:
 

 “Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party’s pleading, but the adverse party’s response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against him.”
 

 Gracie mailed a response to FedEx’s summary-judgment motion on September 2, 2005; she submitted her affidavit at that time. FedEx moved to strike Gracie’s affidavit, asserting four separate grounds: (1) that the affidavit was untimely filed in light of the trial court’s order and Rule 56(c)(2), Ala. R. Civ. P.; (2) that the affidavit represented hearsay, speculation, and contradictory testimony and was based on an absence of personal knowledge; (3) that the affidavit contained legal conclusions; and (4) that the affidavit included an unauthenticated photograph of the house in front of which the FedEx truck was parked at the time of the accident. The trial court, “after careful consideration of [FedEx’s] separate motion, [Gracie’s] response thereto, as well as argument presented by counsel at the hearing,” granted the motion to strike on October 31, 2005, without stating a reason.
 

 The affidavit was filed with Gracie’s response to FedEx’s summary-judgment motion in an effort to create a factual issue and thereby prevent the entry of a summary judgment.
 

 “In
 
 Lady Cor[inne] Trawlers, Inc. v. Zurich Ins. Co.,
 
 507 So.2d 915 (Ala.1987), we adopted the reasoning of
 
 Van T. Junkins & Assoc. v. U.S. Industries,
 
 736 F.2d 656 (11th Cir.1984), which held that on a motion for summary judgment, a party may not create an issue of fact ‘with an affidavit that merely contradicts without explanation, previously clear testimony.’ 736 F.2d at 657. Likewise, the contradiction between Enoch’s affidavit and his deposition testimony cannot defeat a motion for summary judg
 
 *91
 
 ment when no basis or explanation is given for that contradiction other than recollection three years later.”
 

 Enoch v. Firestone Tire & Rubber Co.,
 
 534 So.2d 266, 269-70 (Ala.1988); see also
 
 Power Equip. Co. v. First Alabama Bank,
 
 585 So.2d 1291, 1299 (Ala.1991).
 

 Gracie argues that the trial court erred in striking her affidavit. In her affidavit, Gracie stated:
 

 “As we approached the intersection I observed that the FedEx truck had its left front wheel on the highway blacktop and its front bumper was nearly aligned with the edge of Freeman Avenue to my left.
 
 I am absolutely certain that the left front wheel of the FedEx truck was resting on the blacktop ofhighiuay 36.”
 

 (Emphasis in original.)
 

 In her deposition taken on December 1, 2004, Gracie indicated that she could or did not remember whether any portion of the FedEx vehicle was on the highway. However, after a recess, she testified that the left front wheel of the vehicle was on the blacktop; however, she could not testify as to how far the wheel was onto the road. She said that the diagram on the police report refreshed her recollection and that she recalled seeing the driver’s side front wheel on the blacktop. She “decline[d] to estimate the inches” the wheel protruded into the roadway. (Gracie’s brief at 31.)
 

 In addition to statements based on personal knowledge, Gracie’s affidavit was replete with legal conclusions. Such conclusions were couched in language like “negligently drove,” “at a speed that was excessive,” “willfully drove,” “dangerous and negligent to park,” “willfully drive,” and “[t]he negligence of the FedEx driver, thereof also of defendant FedEx, combined with the negligence of defendant Diane M. Hyde and the willful conduct of Evelyn A. Van Voorst to cause the injury to myself and my child, Cheyenne Van Voorst.” Her affidavit also included such statements as “Hyde ... not having clear vision of the intersection” and “Evelyn certainly knew.”
 

 “Rule 56(e) ‘plainly requires (the word “shall” being mandatory) that an affidavit state matters personally
 
 known
 
 to the affiant.’
 
 Jameson v. Jameson,
 
 176 F.2d 58, 60 (D.C.Cir.1949). See, also, Wright, Miller, and Kane,
 
 Federal Practice & Procedure: Civil 2d
 
 § 2738, p. 467 (1983).
 

 [[Image here]]
 

 “ ‘In
 
 Moore’s Federal Practice,
 
 we find the following language regarding affidavits in support of, or in opposition to, summary judgment:
 

 “ ‘ “Affidavits containing statements made merely ‘on information and belief will be disregarded. Hearsay testimony and opinion testimony that would not be admissible if testified to at trial may not be set forth in an affidavit. The affidavit is no place for ultimate facts and conclusions of law, nor for argument of the party’s cause.... ”
 

 “ ‘6 J. Moore & J. Wicker,
 
 Moore’s Federal Practice,
 
 Paragraph 56.22[1] at 56-1312 through 56-1317 (2d ed.1982) (footnotes omitted). See, also,
 
 Day v. Merchants Bank of Mobile,
 
 431 So.2d 1254 (Ala.1983).’ ”
 

 Ex parte Head,
 
 572 So.2d 1276, 1279 (Ala.1990) (quoting
 
 Osborn, v. Johns,
 
 468 So.2d 103, 108 (Ala.1985)).
 

 Gracie also attached an unauthenticated photograph of the house in front of which the FedEx truck was parked to her affidavit. Affidavits “shall set forth such facts as would be admissible in evidence ....” Rule 56(e), Ala. R. Civ. P. For a photograph to be admitted into evidence, the following two conditions must satisfied:
 

 
 *92
 
 “First, the picture must be properly verified and secondly, the photograph must tend to prove or disprove some relevant fact or must corroborate or disprove some other evidence offered or to be offered.”
 

 Harrison v. Woodley Square Apartments, Ltd.,
 
 421 So.2d 101, 103 (Ala.1982). Gracie commented on the photograph in her affidavit, but provided no authentication of it.
 

 “In determining admissibility under Rule 56[, Fed.R.Civ.P.,] the same standards apply as at trial. ... Thus, in ruling upon summary judgment motions, courts refuse to consider hearsay ...; unauthenticated documents ...; inadmissible expert testimony ...; documents without a proper foundation ...; parol evidence ..., and even evidence barred by the dead man’s rule.”
 

 Zenith Radio Corp. v. Matsushita Elec. Indus. Co.,
 
 505 F.Supp. 1125, 1139 (E.D.Pa.1980), aff'd in part, rev’d in part,
 
 In re Japanese Elec. Prods. Antitrust Litigation,
 
 723 F.2d 238 (3d Cir.1983).
 

 FedEx’s motion to strike was also based on the untimeliness of the affidavit. The trial court’s order setting the hearing on the summary-judgment motions instructed the parties that any materials in opposition should be served at least two days before the scheduled hearing. The court’s instruction was in accord with Rule 56(c)(2), Ala. R. Civ. P., which provides that: “any statement or affidavit in opposition shall be served at least two (2) days prior to the hearing.” FedEx received its copy of the affidavit on Tuesday, September 6, the day before the September 7 hearing. Gracie mailed the affidavit on Friday, September 2, but Monday, September 5, was the Labor Day holiday, so there was no possibility of a timely delivery two days before the hearing. Rule 6, Ala. R. Civ. P. (“When the period of time prescribed or allowed [by the Rules] is less than eleven (11) days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation.”).
 

 Although the trial court did not state a reason for striking the affidavit, there were multiple valid grounds.
 

 “ ‘[T]he trial court has
 
 great discretion
 
 in determining whether evidence ... is relevant and whether it should be admitted or excluded.’
 
 Sweeney v. Purvis,
 
 665 So.2d 926, 930 (Ala.1995). When evidentiary rulings of the trial court are reviewed on appeal, ‘rulings on the admissibility of evidence are within the sound discretion of the trial judge and will not be disturbed on appeal absent an abuse of that discretion.’
 
 Bama’s Best Party Sales, Inc. v. Tupperware, U.S., Inc.,
 
 723 So.2d 29, 32 (Ala.1998), citing
 
 Preferred Risk Mut. Ins. Co. v. Ryan,
 
 589 So.2d 165 (Ala.1991).”
 

 Bowers v. Wal-Mart Stores, Inc.,
 
 827 So.2d 63, 71 (Ala.2001). The trial court did not exceed its discretion in striking Grade's affidavit.
 

 B. Did the trial court err in entering a summary judgment in favor of FedEx on Grade’s negligence claim?
 

 Gracie argues in her brief to this Court that “defendant FedEx is negligent even if the FedEx truck was lawfully parked.” (Gracie’s brief at 25.) However, Gracie cites no authority in support of this assertion. See Rule 28(a)(10), Ala. R.App. P.
 

 “The purpose of Rule 28, Ala. R.App. P., outlining the requirements for appellate briefs, is to conserve the time and energy of the appellate court and to advise the opposing party of the points he or she is obligated to make.
 
 United States v. Levy,
 
 391 F.3d 1327 (11th Cir.2004) (discussing the rule that issues not briefed are waived and Rule 28, Fed. RApp. P., which sets out the require
 
 *93
 
 ments for appellate briefs in the federal courts). Rule 28(a)(10), Ala. R.App. P., provides that the argument section of the appellant’s brief shall set out ‘the contentions of the appellant/petitioner with respect to the issues presented, and the reasons therefor, with citations to the cases, statutes, other authorities, and parts of the record relied on.’ Additionally, ‘ “[i]t is not the function of this Court to do a party’s legal research or to make and address legal arguments for a party based on undelineated general propositions not supported by sufficient authority or argument.” ’
 
 Butler v. Town of Argo,
 
 871 So.2d 1, 20 (Ala.2003) (quoting
 
 Dykes v. Lane Trucking, Inc.,
 
 652 So.2d 248, 251 (Ala.1994)).”
 

 Ex parte Borden,
 
 [Ms. 1050042, August 17, 2007] — So.3d-,-(Ala.2007). Because Gracie has not complied with Rule 28(a)(10), we do not consider this issue.
 

 C. Did the trial court err in entering a summary judgment for FedEx on Grade’s claim of negligence per se?
 

 Gracie claims that FedEx was negligent per se because, she says, the FedEx vehicle was parked illegally on the roadway at the time of the accident, in violation of §§ 32-5A-136 and 32-5A-137(a)(1)g., Code of Alabama 1975. (Grade's brief at 27.) Section 32-5A-136(a), Ala.Code 1975, provides:
 

 “(a) Outside a business or residence district no person shall stop, park or leave standing any vehicle, whether attended or unattended, upon the roadway when it is practicable to stop, park or so leave such vehicle off the roadway, but in every event an unobstructed width of the highway opposite a standing vehicle shall be left for the free passage of other vehicles and a clear view of such stopped vehicle shall be available from a distance of 200 feet in each direction upon such highway.”
 

 Section 32-5A-137(a)(l)g., Ala.Code 1975, provides:
 

 “(a) Except when necessary to avoid conflict with other traffic, or in compliance with law or the directions of a police officer or official traffic-control device, no person shall:
 

 “(1) Stop, stand or park a vehicle:
 

 “a. On the roadway side of any vehicle stopped or parked at the edge or curb of a street;
 

 “b. On a sidewalk;
 

 “e. Within an intersection;
 

 “d. On a crosswalk;
 

 “e. Between a safety zone and the adjacent curb or within 30 feet of points on the curb immediately opposite the ends of a safety zone, unless a different length is indicated by signs or markings;
 

 “f. Alongside or opposite any street excavation or obstruction when stopping, standing or parking would obstruct traffic;
 

 “g. Upon any bridge or other elevated structure, upon a highway or within a highway tunnel .... ”
 

 Gracie fails to establish the application of these statutes to the location of the accident. Moreover, there was no evidence establishing that the FedEx vehicle was illegally parked. Hyde testified that the FedEx vehicle was off the highway and that she did not have to swerve around it as she entered the intersection where the collision occurred. The police report indicated that the vehicle was off the road. No citations were given to the driver of the FedEx vehicle. Even though Gracie changed her deposition testimony to say that the driver’s side front tire of the FedEx vehicle was on the road, she could not estimate how far into the road. Thus, there was no evidence indicating that the
 
 *94
 
 FedEx vehicle was obstructing traffic or that its position left no unobstructed width of road.
 

 Gracie draws the conclusion that “(1) [Gracie is] in the protected class [of the statutes she alleges FedEx violated], (2) the injury caused was the type contemplated by the statute, (3) the FedEx driver violated the statute, and (4) this violation caused the injury to the plaintiffs.” (Gracie’s brief at 28.) See
 
 Fox v. Bartholf,
 
 374 So.2d 294, 295-96 (Ala.1979) (setting out the elements necessary to establish a cause of action for negligence per se). Gracie, however, does not offer any evidence to support these conclusions.
 

 “This Court ... will not address the merits of either party’s argument because Davis, the appellant, has not satisfied the requirements of Rule 28(a)(10), Ala. R.App. P., for presenting this issue. Davis’s citation to the statute and a general principle of law, along with a conclu-sory statement that she presented substantial evidence to support her claims do not establish sufficient argument to necessitate reversal.”
 

 Davis v. Sterne, Agee & Leach, Inc.,
 
 965 So.2d 1076, 1092-93 (Ala.2007).
 

 The trial court did not err in entering the summary judgment on Gracie’s negligence per se claim.
 

 D. Did the trial court err in entering a summary judgment in favor of Hyde on Gracie’s negligence claim against Hyde?
 

 Gracie contends that Hyde was negligent in failing to see Evelyn Van Voorst’s automobile before the collision or in failing to take evasive action to avoid the collision. (Gracie’s brief at 32.) Immediately before the accident, Hyde was traveling west on Highway 36 while Evelyn Van Voorst was driving south on Freeman Avenue in Morgan County. Hyde was traveling at 40-50 m.p.h., within the established speed limit of 55 m.p.h. Cpl. White, the state trooper who investigated the accident, testified that this was a reasonable speed for the misty weather conditions. Hyde was driving on a main thoroughfare; Evelyn Van Voorst was entering Highway 36 from a side street, which had a stop sign at its intersection with Highway 36. The accident report lists the vehicle Evelyn Van Voorst was driving as unit 1, and the vehicle Hyde was driving as unit 2. The accident report states that “unit 1 pulled into the intersection failing to yield right of way to unit 2.” In fact, there was testimony indicating that unit 1 never stopped for the stop sign but rolled right through it. In her deposition, when asked if Evelyn Van Voorst stopped at the stop sign, Gracie stated: “No.” When asked, “But as far as you know, that’s what happened. She didn’t come up to the stop sign and stop. She pulled into Highway 36 even though she couldn’t see if the road coming to her left was clear?” Gracie Van Voorst answered “yes.” Thus, there is no evidence of negligence on Hyde’s part. The trial court did not err in granting Hyde’s motion for a summary judgment.
 

 E. Did the trial court, err in denying Gracie’s motion to vacate the summary judgment without a hearing?
 

 Gracie filed a motion to vacate the summary judgment under Rule 59, Ala. R. Civ. P. FedEx filed a response in opposition. The trial court denied the motion, without a hearing. Gracie now contends that “the failure to hold a hearing injuriously affected [her] substantial rights ... because there being no opinion, they could only speculate as to the justification employed by the Honorable Trial Court.” (Gracie’s brief at 39.) Gracie offers absolutely no evidence in support of this allegation.
 

 Rule 59(g), Ala. R. Civ. P., provides for an opportunity to be heard on post-judgment motions:
 

 
 *95
 
 “Presentation of any post-trial motion to a judge is not required in order to perfect its making, nor is it required that an order continuing any such motions to a date certain be entered. All such motions remain pending until ruled upon by the court (subject to the provisions of Rule 59.1), but shall not be ruled upon until the parties have had opportunity to be heard thereon.”
 

 Under Rule 61, Ala. R. Civ. P., any error in the court’s refusing to hold a hearing on a motion is harmless “unless refusal to take such action appears to the court inconsistent with substantial justice.” This Court has stated the following regarding whether a denial of a Rule 59 motion without a hearing was harmless error:
 

 “This error, however, is not necessarily reversible error. Under Rule 45, Ala. R.App. P.,3 the failure to grant a hearing on a motion for new trial pursuant to Rule 59(g) is reversible error only if it ‘probably injuriously affected substantial rights of the parties.’ See
 
 Greene[ v. Thompson],
 
 554 So.2d [376] at 380-81 [ (Ala.1989) ];
 
 Walls
 
 [
 
 v. Bank of Pratt
 
 ville], 554 So.2d [381] at 382 [(Ala.1989) ]. In
 
 Greene v. Thompson, supra,
 
 this Court formulated a test to determine when the denial of a Rule 59(g) request for a hearing is harmless error:
 

 “ ‘Harmless error occurs, within the context of a Rule 59(g) motion, where there is either no probable merit in the grounds asserted in the motion, or where the appellate court resolves the issues presented therein, as a matter of law, adversely to the movant, by application of the same objective standard of review as that applied in the trial court.’
 

 [[Image here]]
 

 “ 3Rule 45 provides:
 

 “ ‘No judgment may be reversed or set aside, nor new trial granted in any civil or criminal case on the ground of misdirection of the jury, the giving or refusal of special charges or the improper admission or rejection of evidence, nor for error as to any matter of pleading or procedure, unless in the opinion of the court to which the appeal is taken or application is made, after an examination of the entire cause, it should appear that the error complained of has probably injuriously affected substantial rights of the parties.’ ”
 

 Kitchens v. Maye,
 
 623 So.2d 1082, 1088-89 (Ala.1993).
 

 In
 
 Greene v. Thompson,
 
 554 So.2d 376 (Ala.1989), cited in
 
 Kitchens,
 
 this Court stated:
 

 “If it is clearly perceivable to the appropriate appellate court that the failure to hold the hearing did not injuriously affect the movant’s substantial rights, as it is in this case, where the Estate’s motion was not well taken as a matter of law, the error will be considered harmless. See
 
 Hicks v. Alabama Pest Services, Inc.,
 
 548 So.2d 148 (Ala.1989).”
 

 554 So.2d at 381.
 

 Gracie has not presented any evidence that shows that her substantial rights were injuriously affected by the trial court’s failure to hold a hearing on her motion to vacate. She simply states that she “could only speculate as to the justification employed by the Honorable Trial Court.” (Gracie’s brief at 39.) The failure of the trial court to hold a hearing was harmless error.
 

 F. Did the trial court err by certifying the summary judgment as final pursuant to Ride 51(b), Ala. R. Civ. P.
 
 ?
 

 Both FedEx and Hyde filed motions pursuant to Rule 54(b), Ala. R. Civ. P., asking the trial court to certify the summary judgment as final, which the trial
 
 *96
 
 court did. Gracie contends that “there was no necessity to make [the] summary judgment final and the case would likely have been completely resolved on the claims remaining without review.” (Grade's brief at 3tM0.)
 

 For a court to be in error in certifying a judgment as final, the party claiming error must show that the issues presented in the complaint are so intertwined that a separate adjudication of one claim would present the possibility of inconsistent results on the other claims. On this matter, this Court has stated:
 

 “Rule 54(b), Ala. R. Civ. P., states:
 

 “
 
 ‘Judgment Upon Multiple Claims or Involving Multiple Parties.
 
 When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment....’
 

 “This rule clearly provides that under an appropriate set of facts a trial court may enter a judgment on fewer than all the claims and make that judgment a final judgment. See
 
 Donald v. City National Bank of Dothan,
 
 295 Ala. 320, 329 So.2d 92 (1976);
 
 Pate v. Merchants Nat. Bank of Mobile,
 
 409 So.2d 797 (1982).
 

 “When the issues raised in a complaint containing multiple claims are directly related to, and intertwined with, each other to such a degree that a separate adjudication of one of those claims would pose an unreasonable risk of inconsistent results on the adjudication of the remaining claims, then, of course, the entry of a final judgment as to that claim would be an abuse of discretion by the trial court. See
 
 Branch v. South-Trust Bank of Dothan, N.A.,
 
 514 So.2d 1373 (Ala.1987);
 
 Gray v. Central Bank of Tuscaloosa,
 
 519 So.2d 477 (Ala.1987).”
 

 Parsons v. Bank Leumi Le-Israel, B.M.,
 
 565 So.2d 20, 25-26 (Ala.1990).
 

 There is no threat of inconsistent results here; the claims are not dependent upon each other. The only remaining claim is a wantonness claim against the estate of Evelyn Van Voorst. This claim has no relation to the alleged cause of actions against either FedEx or Hyde. It deals with the actions of Evelyn Van Voorst while in control of her vehicle. Thus, this issue has no merit.
 

 Conclusion
 

 For the reasons expressed in this opinion, the judgment of the trial court is affirmed.
 

 AFFIRMED.
 

 COBB, C.J., and SEE, WOODALL, and SMITH, JJ., concur.
 

 [1]
 

 . We note that Evelyn, not Gracie, was driving the automobile.